J-S47003-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PATRICK LEE STALEY, | |
| Appellant | No. 2154 MDA 2014 |

Appeal from the Judgment of Sentence entered September 2, 2014,
in the Court of Common Pleas of Luzerne County,
Criminal Division, at No: CP-40-CR-00000891-2014

BEFORE: ALLEN, OTT, and STRASSBURGER*, JJ.

MEMORANDUM BY ALLEN, J.: **FILED JULY 24, 2015**

Patrick Lee Staley ("Appellant") appeals from the judgment of sentence imposed by the trial court after Appellant pled guilty to one count of theft by unlawful taking of a motor vehicle, and one count of fleeing or attempting to elude police.[1] Appellant's appointed counsel seeks to withdraw, citing **Anders v. California**, 386 U.S. 738 (1967) and **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981). We affirm the judgment of sentence and grant counsel's petition to withdraw.

The pertinent facts and procedural background of this case are as follows: On February 24, 2014, officers from the Plains Township Police Department were dispatched to the Mohegan Sun Casino in Luzerne County

---

[1] 18 Pa.C.S.A. § 3921(a) and 75 Pa.C.S.A. § 3733(a).

*Retired Senior Judge specially assigned to the Superior Court.

following a report of a vehicle theft. Affidavit of Probable Cause, 2/27/14. Upon arrival, Officer William Poulos spoke with the victim, Stanley Grebeck, who testified that he had arrived at the casino at approximately 10:18 p.m., and left his car, a blue Ford Focus, in the valet parking lot, with the keys in the ignition. *Id*. Approximately two hours later, he returned to retrieve his vehicle, and found that it was not in the valet parking lot. *Id*. Surveillance video from the Mohegan Sun Casino revealed that at approximately 10:36 p.m., a white male, approximately 40 years of age, entered Mr. Grebeck's vehicle and drove it toward the casino exit.

On February 27, 2014, Officer Baranski of the Plains Township Police Department observed a blue Ford Focus travelling on Miner Street in Plains, Luzerne County, which matched the description of Mr. Grebeck's vehicle. *Id*. Officer Baranski also observed that the driver of the vehicle matched the description of the person seen in surveillance footage driving the vehicle from the casino. Officer Baranski alerted Officer Poulos, who arrived at Miner Street and checked the vehicle registration. *Id*. Upon learning that the registration was expired, the officers attempted to conduct a traffic stop of the vehicle. *Id*. However, Appellant fled in the vehicle to Kidder Street and eventually came to a stop on Jenks Lane, a dead end street, where Appellant and an unidentified passenger exited the vehicle and fled on foot. *Id*. Appellant was subsequently apprehended and charged with the aforementioned crimes.

On July 10, 2014, Appellant pled guilty to one count of theft by unlawful taking, and one count of fleeing and eluding police. Following a hearing on September 2, 2014, the trial court sentenced Appellant to a term of imprisonment of twelve to twenty-four months for theft by unlawful taking, and a consecutive three to six months for fleeing and eluding, for an aggregate sentence of fifteen to thirty months of imprisonment.

On September 19, 2014, Appellant's counsel filed a motion for permission to file *nunc pro tunc* post-sentence motions, which the trial court granted by order filed on September 23, 2014. Appellant filed post-sentence motions on September 26, 2014, which the trial court denied on October 2, 2014. This appeal followed.

On November 17, 2014, Appellant's counsel filed a notice of intent to file an ***Anders/McClendon*** brief pursuant to Pa.R.A.P. 1925(c). On December 15, 2014, the trial court entered an order explaining that in light of counsel's November 17, 2014 statement of intent to file an ***Anders/McClendon*** brief, it would not submit a Pa.R.A.P. 1925(a) opinion.

Appellant presents one issue for our review:

1. Whether the consecutive sentences imposed by the trial court on Case No. 891 of 2014 are harsh and excessive?

***Anders*** Brief at 1.

Appellant's counsel has filed a brief pursuant to ***Anders*** and its Pennsylvania counterpart, ***McClendon***. ***See Anders***, 386 U.S. 738; ***McClendon***, 434 A.2d at 1187. Where an ***Anders/McClendon*** brief has

- 3 -

been presented, our standard of review requires counsel seeking permission to withdraw pursuant to **Anders** to: (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record it has been determined that the appeal would be frivolous; (2) file a brief referring to anything that might arguably support the appeal, but which does not resemble a "no merit" letter or amicus curiae brief; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel or raise any additional points that he deems worthy of the court's attention. **Commonwealth v. McBride**, 957 A.2d 752, 756 (Pa. Super. 2008). Counsel is required to submit to this Court "a copy of any letter used by counsel to advise the appellant of the rights associated with the **Anders** process." **Commonwealth v. Woods**, 939 A.2d 896, 900 (Pa. Super. 2007). Pursuant to **Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009), appellant's counsel must state in the **Anders** brief the reasons for concluding that the appeal is frivolous. If these requirements are met, we may then review the record to determine whether we agree with counsel's assessment.

In the instant case, by letter dated April 30, 2015, Appellant's counsel notified Appellant of her intent to file an **Anders** brief and petition to withdraw with this Court, and informed Appellant of his rights to retain new counsel and raise additional issues. That same day, Appellant's counsel filed an appropriate petition seeking leave to withdraw. Finally, Appellant's counsel has submitted an **Anders** brief to this Court, with a copy provided to

- 4 -

Appellant. Accordingly, the technical requirements of **Anders** have been met. We will therefore conduct our own independent examination of the issue set forth in the **Anders** brief to determine if it is frivolous and whether counsel should be permitted to withdraw.

Appellant's sole argument on appeal is that the sentence imposed by the trial court was excessive. **Anders** Brief at 5-8. A challenge to the discretionary aspects of a sentence is not appealable as of right. Rather, Appellant must petition for allowance of appeal pursuant to 42 Pa.C.S.A. § 9781. **Commonwealth v. Hanson**, 856 A.2d 1254, 1257 (Pa. Super. 2004).

> Before we reach the merits of this [issue], we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. The third and fourth of these requirements arise because Appellant's attack on his sentence is not an appeal as of right. Rather, he must petition this Court, in his concise statement of reasons, to grant consideration of his appeal on the grounds that there is a substantial question. Finally, if the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

**Commonwealth v. Austin**, 66 A.3d 798, 808 (Pa. Super. 2013) (citations omitted).

Here, Appellant has filed a timely notice of appeal, and preserved a challenge to the discretionary aspects of his sentence by filing a post-

sentence motion. In addition, Appellant has included in his brief a statement pursuant to Pa.R.A.P. 2119(f). **See Anders** Brief at 5. We therefore proceed to determine whether Appellant has raised a substantial question for our review.

Appellant argues that the trial court abused its discretion by imposing a harsh and excessive sentence when it denied Appellant's request for admission to the Salvation Army Rehabilitation Program rather than a sentence of imprisonment. **Anders** Brief at 6.

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. Further:
>
> A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.
>
> An appellant making an excessiveness claim raises a substantial question when he sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process.
>
> When imposing a sentence, the sentencing court must consider the factors set out in 42 [Pa.C.S.] § 9721(b), that is, the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of the defendant. And, of course, the court must consider the sentencing guidelines.

**Commonwealth v. Caldwell**, 2015 PA Super 128 (May 29, 2015) (citations and internal quotations omitted).

Appellant argues that in making its sentencing determination, the trial court should have taken into consideration the fact that Appellant had been sober for six years preceding his relapse and the commission of his crimes, and that Appellant had previously benefitted from the Salvation Army Rehabilitation Program. *Anders* Brief at 6. *See also* Post-Sentence Motion, 9/26/14. Appellant asserts that the trial court's failure to consider enrolling him in the rehabilitation program rather than imposing a sentence of total confinement, constituted an abuse of sentencing discretion. This Court has made clear, however, that "a claim that a court did not weigh the factors as an appellant wishes does not raise a substantial question." *Commonwealth v. Zirkle*, 107 A.3d 127, 133 (Pa. Super. 2014). Accordingly, Appellant's assertion that the trial court did not properly weigh the fact that he had previously benefitted from rehabilitation and had been sober for an extended period, does not raise a substantial question for our review.

Even if Appellant had raised a substantial question for our review, we find no merit to his claim. At the sentencing hearing, the trial court heard statements from Appellant's counsel, who outlined Appellant's prior criminal history, including the fact that Appellant was on parole at the time he committed the crimes in the present case, and requested that Appellant be enrolled in the Salvation Army Rehabilitation Program. N.T., 9/2/14, at 3. Additionally, the trial court heard from Appellant, who informed the trial

court that he likely would not have committed the crimes if he had been enrolled in a rehabilitation program, and indicated that he would benefit greatly from such program and treatment. *Id*. at 6.

The trial court, which had the benefit of a pre-sentence investigation report, nonetheless explained that because Appellant was already on supervision at the time he committed the crimes, "it's the conclusion of the Court that [Appellant] is nonamenable to supervision at this time and ... based upon that review that if he's not incarcerated he's likely to reoffend", and that "if any rehabilitation is going to take place at this point that it's best done at the state level." *Id*. at 7-8. Accordingly, it is clear from the record that the trial court in making its sentencing determination considered the appropriate factors, including Appellant's rehabilitative needs, the protection of the public, and Appellant's prior criminal history. We find no abuse of discretion by the trial court.

Having reviewed the issue contained in the *Anders* brief, and after independent and thorough review of the record, we find this appeal wholly frivolous. Accordingly, we grant counsel's petition to withdraw and affirm the judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/24/2015