J-S43027-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSEPH KWAHA | |
| Appellant | No. 2773 EDA 2014 |

Appeal from the Judgment of Sentence August 12, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001941-2013
CP-51-CR-0001943-2013

BEFORE:  GANTMAN, P.J., PANELLA, J., and OLSON, J.

MEMORANDUM BY PANELLA, J.                **FILED SEPTEMBER 11, 2015**

Appellant, Joseph Kwaha, appeals from the judgment of sentence entered on August 12, 2014, after he pled guilty in an open guilty plea to charges of aggravated assault, accident involving death or personal injury, and possession of an instrument of crime ("PIC").[1] He also pled guilty to charges of possession of controlled substance with intent to deliver, possession of firearm – prohibited, and fleeing or attempting to elude officer.[2] Additionally, Kwaha's court appointed counsel, Stanley R. Krakower, Esquire, has filed an application to withdraw as counsel pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978

---

[1] All charges docketed at CP-51-CR-1941-2013.
[2] All charges docketed at CP-51-CR-1943-2013.

A.2d 349 (Pa. 2009). We remand for further proceedings consistent with this memorandum.

Police observed a car (the driver of which was later identified as Kwaha) ignore a stop sign. The police attempted to pull the car over, but Kwaha fled. While fleeing from the police, Kwaha struck a pedestrian with his car, shattering the victim's pelvis. Kwaha then drove into a telephone poll, starting a fire that disabled electricity service to the neighborhood. Kwaha then exited the vehicle and ran. Officers caught Kwaha and subdued him after a brief fight.

Pursuant to a search incident to arrest, officers found multiple packets of heroin, crack cocaine, and marijuana as well as $461 in cash on his person. They also recovered a handgun from the floor of the car.

Following a colloquy, Kwaha pled guilty to the counts set forth above. That same day, the court sentenced Kwaha to two years of probation for his PIC and fleeing and eluding convictions. The court then recessed to allow for the preparation of a presentence investigation report. After receiving the report, Kwaha was sentenced to an aggregate sentence of nine and a half to twenty years' incarceration for his aggravated assault conviction, as well as $9,112.92 in restitution. Kwaha did not file any post sentence motions or a motion to withdraw his guilty plea.

Kwaha filed a timely appeal. After trial counsel was permitted to withdraw, and new counsel was appointed, a second order directing counsel

to file a 1925(b) statement was filed. As of this date, no 1925(b) statement or motion for extension has been filed.

A defendant's failure to file a concise statement of errors in compliance with Rule 1925 generally results in a waiver of all issues on appeal. **See Commonwealth v. Lord**, 719 A.2d 306 (Pa. 1998); **Commonwealth v. Castillo**, 888 A.2d 775 (Pa. 2005). However, our Supreme Court has previously recognized that a remedy is needed in circumstances where counsel fails to file a Rule 1925 statement:

> [W]hen all of a criminal defendant's issues are waived on direct appeal under **Lord** due to his attorney's failure to file a Pa.R.A.P.1925(b) statement, we will presume that the defendant suffered prejudice due to the denial of effective assistance of counsel. As counsel's actions […] resulted in the denial of the criminal defendant's right to a direct appeal, we held that the appropriate remedy was to reinstate the defendant's right to pursue a direct appeal.

**Castillo**, 888 A.2d at 780. Indeed, Rule 1925(c)(3) provides that

> [i]f an appellant in a criminal case was ordered to file a Statement and failed to do so, such that the appellate court is convinced that counsel has been *per se* ineffective, the appellate court shall remand for the filing of a Statement *nunc pro tunc* and for the preparation and filing of an opinion by the judge.

Here, counsel's failure to file a Rule 1925 statement constitutes *per se* ineffectiveness and deprived Kwaha of meaningful review of his appeal. In order to restore a defendant's rights on appeal, the most effective means is to remand for counsel to file a concise statement. **See Commonwealth v. McBride**, 957 A.2d 752, 756 (Pa. Super. 2008).

However, it is notable that Kwaha's counsel submitted a brief and a petition to withdraw pursuant to *Anders*. When court-appointed counsel seeks to withdraw from representation on appeal, counsel must meet the following requirements.

> [I]n the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009). Once counsel has met his obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Id*., at 355 n.5 (citation omitted).

Counsel has substantially complied with the technical requirements of *Anders* as articulated in *Santiago*. Additionally, counsel confirmed that he sent a copy of the *Anders* brief to Kwaha, as well as a letter explaining to Kwaha that he has the right to proceed *pro se* or the right to retain new counsel. Kwaha has not filed a response.

In regards to the Rule 1925(b) statement, pursuant to the recent amendments of that rule, if counsel intends to submit an *Anders* brief, the proper procedure is provided in Pa.R.A.P. 1925(c)(4). At the time the trial

court directed counsel to file a concise statement he could have either (1) complied with the order and filed a Rule 1925(b) statement or (2) filed a statement of intent to file an *Anders* brief. *See McBride*, 957 A.2d at 757; Pa.R.A.P. 1925(c)(4). Kwaha's counsel did neither.

"[A]bsent the proper filing of any statement of record by counsel, this Court cannot properly consider counsel's request to withdraw." *McBride*, 957 A.2d at 758. *See also* Pa.R.A.P. 1925(c)(4) *Note*. Accordingly, we remand for the filing of either a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b) or a statement of intent to file an *Anders* brief pursuant to Rule 1925(c)(4). *See id*. Counsel must choose one of the two options within fifteen days of the filing of this memorandum.

If counsel files a concise statement of errors complained of on appeal, the trial court shall, within thirty days, file a Rule 1925(a) opinion. If counsel files a statement of intent to file an *Anders* brief, a trial court opinion is not necessary and the trial court record shall be promptly certified and transmitted back to this Court.

Remanded for further proceedings consistent with this memorandum. Panel jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/11/2015