J-S45015-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| PHILLIP BRANDEN ROBINSON, JR., | |
| Appellee | No. 2116 MDA 2014 |

Appeal from the Order Entered November 10, 2014
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0005437-2013

BEFORE:  BOWES, WECHT, AND FITZGERALD * JJ.

MEMORANDUM BY BOWES, J:                **FILED OCTOBER 09, 2015**

The Commonwealth of Pennsylvania appeals from the November 10, 2014 order that dismissed the criminal charges against Phillip Branden Robinson, Jr., pursuant to Pa.P.Crim.P. 600.  We remand for the preparation of a trial court opinion.

We glean the following facts from the affidavit of probable cause that is included in the certified record on appeal.  At approximately 5:00 p.m. on April 30, 2013, the West Manchester Township Police Department conducted an undercover operation in the parking lot of an Ollie's Bargain Outlet department store in West Manchester.  During the sting, then-Police Officer,

_____

* Former Justice specially assigned to the Superior Court.

now-District Justice,[1] Jeffrey Oberdorf observed Robinson and Moses Jerome Autry deliver cocaine to a confidential informant ("CI") in exchange for pre-recorded buy money. Robinson was operating the vehicle used to deliver the cocaine. He was also transporting a five-year-old child who was seated in the rear of the vehicle. The drug transaction occurred while Robinson, Autry, and the child were in the vehicle with the CI.

After the transaction, the CI immediately relinquished the cocaine to police, who stopped Robinson's vehicle as it attempted to leave the parking lot. A check of Robinson's Pennsylvania driver's license revealed that his driving privileges had been suspended. Field tests on the suspected contraband revealed the presence of cocaine, and the officers sent the substance to the Pennsylvania State Police laboratory for additional testing.

Robinson was arrested immediately and charged with criminal conspiracy to deliver a controlled substance, possession with intent to deliver a controlled substance, driving while operating privilege is suspended, and endangering the welfare of children. The preliminary hearing was initially scheduled on May 10, 2013; however, the presiding magistrate postponed the hearing to June 11, 2013. The Commonwealth's primary witness, Officer Oberdorf, was not available on that date due to training relating to his pending installation as a Magisterial District Justice.

_____

[1] We refer to the witness as Officer Oberdorf herein.

Accordingly, the hearing was continued again until July 2, 2013. Unfortunately, Robinson was not ready to proceed on that date so a twenty-seven-day continuance was granted until July 29, 2013.

The preliminary hearing occurred on July 29, 2013, and the case was held over for court. On August 5, 2013, the Commonwealth issued an arrest warrant for Robinson's codefendant, Moses Autry, and on August 19, 2013, notice was entered that the two cases would be consolidated for trial pursuant to Pa.R.Crim.P. 582. However, Autry fled the jurisdiction, and on August 24, 2013, the arrest warrant was converted to a fugitive warrant. At an ensuing pretrial conference, Robinson's attorney stated that Robinson did not object to the continued delay pending Autry's apprehension "as long as any delay . . . is attributed to the Commonwealth[.]" N.T., 10/30/13, at 3. The trial court responded, "All right, then we'll deal with who takes what time at a later date." *Id*.

Autry remained a fugitive until February 12, 2014. As neither party had sought to sever the cases in the interim, Autry's flight resulted in 191 days of delay for the purposes of determining the Commonwealth's compliance with Rule 600. The certified record does not disclose whether the Commonwealth advised Robinson of Autry's apprehension before April

2014, but, for various reasons, Appellant's case remained on the trial docket until September 8, 2014, a total of 208 additional days of delay.[2]

On September 2, 2014, Robinson filed a motion to dismiss the criminal charges under Rule 600. On September 8, 2014, the date scheduled for trial, the trial court held oral argument regarding Robinson's motion. The focus of the discussion was whether the 191-day delay caused by Autry's flight should be attributed to the Commonwealth. The trial court did not render a decision at the close of argument. Instead, it provided Robinson additional time to file a memorandum and present case law to support his position that the delay should be included in the Rule 600 computation. Robinson failed to file a memorandum as part of the certified record.[3] Nevertheless, on November 10, 2014, the trial court entered the above–

_____

[2] Five of the 208 days are excludable delay and twenty-nine days were potentially excusable delay as a result of Officer Oberdorf's unavailability to testify due to his obligations to the magisterial district court. On June 17, 2014, Autry pled guilty to the only criminal charge leveled against him under the consolidated criminal action number, one count of possession with intent to deliver. Robinson's case was not called for trial until nearly three months later.

[3] In his brief, Robinson asserts that he submitted a memorandum to the trial court via e-mail, with a copy to the prosecuting attorney, on September 19, 2014. Robinson appended to his brief a copy of the e-mail but omitted the three exhibits that were referenced therein. While the Commonwealth neither concedes nor contests that it received Robinson's e-mail, it highlights that, since the document was not filed with the trial court, it is not included in the record certified for appellate review.

referenced order granting Robinson's Rule 600 motion and discharging the criminal charges. The Commonwealth timely filed the instant appeal.

The Commonwealth complied with the trial court's order to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The Rule 1925(b) statement asserted:

> 1. The trial court erred in granting the defendant's [R]ule 600 motion without including a contemporaneous statement of findings of fact.
>
> 2. As there are no contemporaneous findings of fact, based upon the record of the [R]ule 600 hearing, and the history of this case, the [t]rial [c]ourt erred in granting the defendant's [R]ule 600 motion.

Commonwealth's Rule 1925(b) Statement of Errors, 12/30/14, at 1.

Upon review of the Rule 1925(b) statement, the trial court interpreted the Commonwealth's second issue as cryptic iteration of the first issue. Thus, the trial court's Rule 1925(a) opinion addressed only the procedural aspect of its November 10, 2014 order, *i.e.*, whether it was required to proffer a contemporaneous statement of its finding of facts. Significantly, in determining that "the Commonwealth violated Rule 600 because it failed to exercise due diligence to bring the case to trial within 365 days[,]" the trial court did not set forth its Rule 600 calculation, explain its assessment of the 191-day delay, or provide any analysis relating to the Commonwealth's lack of diligence in bringing Robinson to trial.

On appeal, the Commonwealth presents the following issues for our review:

> I.    The trial court erred in granting the defendant's Rule 600 motion based on the record and the history of the case in light of the trial court's lack of fact finding.
>
> II.   The trial court erred by failing to include a contemporaneous statement of finding of fact with its order, or subsequently in its 1925(a).

Commonwealth's brief at 5.

This appeal implicates the prompt-trial provisions outlined in Pa.R.Crim.P. 600.[4]  The relevant considerations are as follows:

> In evaluating Rule 600 issues, our standard of review of a trial court's decision is whether the trial court abused its discretion. Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.

*Commonwealth v. Ramos*, 936 A.2d 1097, 1100 (Pa.Super. 2007) (*en banc*).

---

[4] Effective July 1, 2013, our Supreme Court adopted a new Rule 600 that reflects prevailing case law.  *See* Pa.R.Crim.P. 600, Comment.  As the Commonwealth filed the criminal complaint in this case prior to the effective date of the revisions, the former rule guides our review.  *See Commonwealth v. Brock*, 61 A.3d 1015, 1016 n. 2 (Pa. 2013).

Rule 600 has dual purposes. ***Commonwealth v. Roles***, 116 A.3d 122, 125 (Pa.Super. 2015). While it is intended to protect a criminal defendant's rights to a speedy trial, it is also designed to protect society's interest by prosecuting criminal conduct. ***Id***. The pertinent version of Rule 600 requires the Commonwealth to try a criminal defendant within 365 days from the date that the criminal complaint is filed. ***See*** Former Rule 600(A)(3) (effective until July 1, 2013). If the Commonwealth fails to bring the criminal defendant to trial within the pertinent period, the defendant "may apply to the court for an order dismissing the charges with prejudice on the ground that this rule has been violated." Former Rule 600(G) (effective until July 1, 2013). "To determine whether dismissal is required under Rule 600, a court must first calculate the 'mechanical run date,' which is 365 days after the complaint was filed." ***Commonwealth v. Goldman***, 70 A.3d 874, 879 (Pa.Super. 2013). Thereafter, an adjusted run date is calculated by adding excludable and excusable delay to the mechanical run date. ***Id***. Periods of delay caused by the defendant are excluded from the speedy-trial computation. ***See*** Former Rule 600(C)(1)-(3) (effective until July 1, 2013). Excusable delay is a judicial construct that encompasses a variety of situations where the delay was outside of the Commonwealth's control. We have stated, "[e]xcusable delay is delay that occurs as a result of circumstances beyond the Commonwealth's control and despite its due diligence." ***Goldman***, ***supra*** at 879. We further explained, "due diligence is

a fact-specific concept that must be determined on a case-by-case basis. Due diligence does not require perfect vigilance and punctilious care, but rather a showing by the Commonwealth that a reasonable effort has been put forth." ***Ramos, supra*** at 1102. Finally, mindful of the Rule's dual purposes, where "there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule 600 must be construed in a manner consistent with society's right to punish and deter crime." ***Id***. at 1100.

The crux of this case is whether the trial court erred in assessing against the Commonwealth for the purposes of the speedy trial rule the 191-day delay attributed to co-defendant Autry's flight, Officer Oberdorf's unavailability, and the non-excludable portion of the ensuing delay in bringing Robison to trial following Autry's capture. Unfortunately, the trial court declined to address the ultimate question regarding the aptness of Robinson's Rule 600 discharge, even though the Commonwealth raised that substantive issue in its Rule 1925(b) statement. In ***Commonwealth v. McBride***, 957 A.2d 752 (Pa.Super. 2008), this Court stressed the importance of a trial court's adherence to Rule 1925(a). We explained:

> In order to conduct a thorough and proper review on appeal, an opinion explaining the reasoning behind the trial court's decisions is advantageous.
>
> The absence of a trial court opinion poses a substantial impediment to meaningful and effective appellate review. Rule 1925 is intended to aid trial

> judges in identifying and focusing upon those issues that the parties plan to raise on appeal. Rule 1925 is thus a crucial component of appellate process.
>
> ***Commonwealth v. Butler***, 571 Pa. 441, 812 A.2d 631, 636 (2002). Rule 1925 directs the trial courts to provide an opinion as to the issues the appellant will raise, and give the appellate court records amenable to meaningful appellate review.

***Id***. at 758 (select citations and quotations omitted).

Instantly, the trial court's Rule 1925(a) opinion addressed only the Commonwealth's unconvincing procedural claim pertaining to whether the court was required to include a contemporaneous statement of its finding of facts in the order discharging Robinson pursuant to Rule 600. Trial Court Opinion, 2/4/15, at 2-3. We agree with the trial court's determination that it was under no obligation to file a statement of facts contemporaneously with the order granting Rule 600 relief, and we find that the Commonwealth's meager argument to the contrary is unconvincing. Accordingly, we reject the procedural aspect of the Commonwealth's challenge.

However, the trial court's characterization of the second issue leveled in the Commonwealth's Rule 1925(b) statement is incorrect. As noted, the Commonwealth asserted, "As there are no contemporaneous findings of fact, based upon the record of the [R]ule 600 hearing, and the history of this case, the [t]rial [c]ourt erred in granting the defendant's [R]ule 600 motion." ***See*** Rule 1925(b) Statement of Errors Complained of on Appeal, 12/30/14, at 1. Although artlessly drafted, a plain reading of the foregoing

assertion demonstrates that the Commonwealth did, in fact, challenge the merits of the trial court's Rule 600 determination as lacking a foundation in the certified record.

Since the trial court declined to address the merits of the Commonwealth's substantive challenge to the court's Rule 600 determination, it did not examine the precise issue that presently confronts this Court on appeal. Thus, mindful of our discussion in **McBride**, **supra**, regarding the importance of the trial court's rationale in performing meaningful appellate review, we remand this matter for the preparation of a Rule 1925(a) opinion that addresses the substantive issue raised in the Commonwealth's Rule 1925(b) statement. To the extent that the trial court's analysis relies upon Robinson's September 2014 e-mail in support of a Rule 600 discharge, we direct the trial court to order Robinson to file that document under the above-captioned criminal action number so that it can be transmitted to this Court as a supplement to the certified record on appeal.

Case remanded for the preparation of an opinion pursuant to Pa.R.A.P. 1925(a) within thirty days of the date of this memorandum and, if necessary, to supplement the certified record. Jurisdiction retained.