J-S08003-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| LARRY EUGENE SMITH | : | |
| | : | |
| Appellant | : | No. 1944 WDA 2016 |

Appeal from the Order November 29, 2016
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0001518-2013

BEFORE:  LAZARUS, J., KUNSELMAN, J., and STEVENS*, P.J.E.

MEMORANDUM BY LAZARUS, J.:             **FILED FEBRUARY 23, 2018**

Larry Eugene Smith appeals, *nunc pro tunc* and *pro se*,[1] from his judgment of sentence entered in the Court of Common Pleas of Blair County, after a jury convicted him of two counts of driving under the influence ("DUI") and one count of accident involving damage to attended vehicle/property.[2] Upon review, we remand the case with instructions.

---

[1] By Order filed April 7, 2017, and upon consideration of Smith's "Petition Requesting Remand for **Grazier** Hearing," this Court remanded this matter to the trial court to conduct a colloquy pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998), to determine whether Smith desired to proceed *pro se*, and, if so, whether that request was knowing, voluntary and intelligent. Following a hearing held on May 12, 2017, the trial court issued an order permitting Smith to proceed *pro se*.

[2] 75 Pa.C.S.A. §§ 3802(d)(1)(i) and (ii) and 75 Pa.C.S.A. § 3743(a).  Smith was also convicted of the following summary offenses:  two counts of driving while license is suspended (alcohol related), 75 Pa.C.S.A. § 1543(b); driving at unsafe speed, 75 Pa.C.S.A. § 3361; and emerging from alley, driveway or building, 75 Pa.C.S.A. § 3344.

---

\* Former Justice specially assigned to the Superior Court.

The underlying facts of this matter are not relevant to our disposition and will not be set forth herein. However, the case presents a procedural quagmire of sorts that requires a detailed recitation of that portion of its history.

On October 29, 2015, Smith was convicted of the above charges and, on January 14, 2016, was sentenced to an aggregate of 3½ to six years' imprisonment. Smith filed neither post-sentence motions nor a direct appeal.

On April 15, 2016, Smith filed a *pro se* petition under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 (PCRA), seeking, *inter alia*, reinstatement of his appellate rights. Counsel was appointed and, after a hearing, Smith's appellate rights were reinstated by order dated November 29, 2016. Included in the PCRA order was a directive to counsel to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within 21 days. Counsel filed a *nunc pro tunc* notice of appeal to this Court, but did not comply with the trial court's order to file a Rule 1925(b) statement. On March 20, 2017, the trial court filed a Rule 1925(a) opinion in which the court: (1) directed this Court's attention to the court's rulings on various issues raised previously by Smith; (2) stated the court's belief that there exist no valid issues related to sufficiency or weight of the evidence; and (3) directed that the record be forwarded to this Court.

On April 3, 2017, Smith filed with this Court an application for remand, averring that he had not received any communication from counsel, and requesting his case be remanded for the trial court to conduct a hearing

pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998), with respect to his stated desire to proceed *pro se*. We remanded for a **Grazier** hearing, which the trial court held on May 12, 2017. By order issued that same date, the trial court permitted Smith to proceed *pro se* and requested that the Prothonotary assure that Smith was provided with all record materials necessary for the prosecution of his appeal and directed that the record be returned to this Court.

Subsequently, on July 6, 2017, Smith filed with this Court another application for relief. Smith stated that he had not been provided with his file and transcripts. He requested an extension of the briefing schedule and an order directing the trial court to ensure that he be provided with the materials necessary to proceed with his appeal. On July 14, 2017, this Court issued an order granting Smith the relief requested, remanding the record, and suspending the briefing schedule pending compliance by the trial court with the order. On July 21, 2017, the trial court issued an order directing the Prothonotary of Blair County to provide Smith with the requested documents within 15 days.

On August 15, 2017, this Court issued a briefing order, requiring that Smith submit his brief no later than September 25, 2017. On September 22, 2017, Smith filed with this Court an application for extension in which he averred that he had only recently received his file and requesting a 30-day extension to file his brief. By order dated September 25, 2017, Smith was granted until October 25, 2017, to file his brief.

On October 25, 2017, Smith filed an application to file a reduced number of briefs and sought an additional 30-day extension to file his appellant's brief. By order filed October 31, 2017, this Court granted relief and ordered Smith to file his brief within 30 days of the date of the order. Smith filed his brief on December 4, 2017 and the matter is now ripe for disposition.[3]

Prior to addressing the merits of Smith's appeal, we must determine whether he has properly preserved his appellate claims. "[I]n order to preserve their claims for appellate review, Appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925." **Commonwealth v. Thompson**, 39 A.3d 335, 338 (Pa. Super. 2012), quoting **Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998). Generally, the failure to file a 1925(b) statement results in automatic waiver of all claims on appeal. **See Commonwealth v. Castillo**, 888 A.2d 775 (Pa. 2005). However, in its 2007 amendment to Rule 1925, the Supreme Court added a new procedure under Rule 1925(c) allowing appellate courts to remedy a criminal appellant's failure to file a Rule 1925(b) statement. Subsection 1925(c)(3) provides:

> (3) If an appellant in a criminal case was ordered to file a Statement and failed to do so, such that the appellate court is convinced that counsel has been *per se* ineffective, the appellate court shall remand for the filing of a Statement *nunc pro tunc* and for the preparation and filing of an opinion by the judge.

---

[3] By letter dated January 17, 2018, the Blair County District Attorney advised the Court that it would not be filing a brief in this matter.

Pa.R.A.P. 1925(c)(3). The official note to subsection (c)(3) further states:

*Paragraph (c)(3)* This paragraph allows an appellate court to remand in criminal cases only when the appellant has completely failed to respond to an order to file a Statement[.] Prior to these amendments of this rule, the appeal was quashed if no timely Statement was filed or served; however, because the failure to file and serve a timely Statement is a failure to perfect the appeal, it is presumptively prejudicial and "clear" ineffectiveness[.] An appellant must be able to identify *per se* ineffectiveness to secure a remand under this section, and any appellant who is able to demonstrate *per se* ineffectiveness is entitled to a remand.

Note to Pa.R.A.P. 1925.

At first blush, it would appear that, because Smith is proceeding *pro se*, the remand procedure pursuant to Rule 1925(c)(3) does not apply. **See** Pa.R.A.P. 1925(c)(3). As a *pro se* appellant, Smith cannot assert his own ineffectiveness. **See Commonwealth v. Fletcher**, 986 A.2d 759, 773 (Pa. 2009) ("The law prohibits a defendant who chooses to represent himself from alleging his own ineffectiveness.").

However, we believe the unique procedural history of this case entitles Smith to a remand and the opportunity to properly preserve his claims through the filing of a Rule 1925(b) statement. As noted above, the PCRA court reinstated Smith's appellate rights on November 29, 2016 and directed then-counsel to file a Rule 1925(b) statement within 21 days. However, counsel never filed the concise statement as ordered. Subsequently, Smith sought and was granted remand to the trial court for a **Grazier** hearing. During that hearing, the court noted that trial counsel had never filed a Rule 1925(b)

- 5 -

statement, but acknowledged the limited purpose for which the case was remanded. The following exchange took place between the court and Smith:

> BY THE COURT: Now, Mr. Smith, the one thing I want to touch on and it's really I suppose strictly not a matter of the remand, but there was no statement of matters complained of filed in this matter. You set forth in your Post Conviction [p]etition, I think, the three reasons that were the basis of that [p]etition. Are those the matters that you are also raising on appeal?

> LARRY SMITH: There are probably some others. I don't know what issues that I have until I receive my trial transcript and copies of all post applications [sic] that [were] done in this matter.

> BY THE COURT: Well, one of the things that the Order requires that I do is to ensure that you will receive all the matters of record for the prosecution of the appeal and I'll make sure that that is the case because given what you've said, I intend to permit you to proceed pro se. Now, I will indicate for the record that the Rules of Appellate Procedure permit, and this certainly is not within my jurisdiction to make a decision, but they permit an appellate court to remand for the filing of the statement of matters complained of. I simply want to indicate that for the record. . . .

> . . .

> BY THE COURT: I am going to make the finding that [your] decision is voluntary, knowing and intelligent and permit you to proceed pro se. What I intend to do is enter an [o]rder to that effect and get it filed here in Blair County today and direct that the record be sent back to the appellate court. I believe that you will be then . . . you will be notified of that. The appellate court has stated that the briefing schedule is suspended and a new briefing schedule will be instituted. I've indicated for the record the avenue that the appellate court could proceed under the Appellate Rules of Procedure regarding remand for a statement of matters complained of. Do you have any questions, Mr. Smith?

> LARRY SMITH: Yes. So, to file my 1952(b), do I have a certain amount of days after I receive my trial transcripts and all the other information that I need to proceed with this appeal? Because I need copies of all my post applications [sic] filed in this matter also.

BY THE COURT: Well, I don't want to get into the position of advising you and I don't believe I am, but inquiries of that nature should be directed to the Superior Court. The reason that I stated that the Superior Court can remand for a statement of matters complained of is that's one of the possibilities that could occur once the record goes up to the Superior Court. But once the matter goes to the Superior Court again, I've lost the limited jurisdiction that they provided me to conduct this hearing, and then any matters that you have will have to be directed to the Superior Court. Do you understand that?

LARRY SMITH: So . . . can you rephrase that for me one more time?

BY THE COURT: Okay. Once an appeal is taken, a [t]rial [c]ourt for the most part loses jurisdiction to do anything further in the case. In this situation since you filed the [p]etition for a *Grazier* hearing, the record was remanded back to the trial court, back to the Blair County Court of Common Pleas for the purpose of conducting this hearing. I'm making the decision that you should be allowed to proceed *pro se*. That's the only thing in the [o]rder that the appellate court provided that I should hear. So what I intend to do is enter an [o]rder, have the record sent back to the appellate court, and then jurisdiction lies with the appellate court. So, the matters such as the ones you've directed to me should be directed by you to the Superior Court in the same way that you filed the [p]etition requesting a *Grazier* [h]earing. . . .

N.T. *Grazier* Hearing, 5/12/17, at 9-11.

Based on the foregoing, the trial court clearly believed that it did not have jurisdiction to do anything other than conduct a *Grazier* hearing, as ordered by this Court. Thus, although it raised the issue of the missing Rule 1925(b) statement and suggested that this Court may wish to remand pursuant to subsection (c)(3), it did not order Smith, now proceeding *pro se*, to file his own concise statement. Thus, as it now stands, the only Rule 1925(b) order in this case was issued during the period that Smith was represented by counsel, who failed to comply. Because no new order was

- 7 -

issued to Smith after he was granted *pro se* status, we believe that the remand procedure under subsection (c)(3) is applicable here, as Smith's prior counsel was *per se* ineffective for failing to file a Rule 1925(b) statement as ordered by the trial court. **See Commonwealth v. McBride**, 957 A.2d 752, 756 (Pa. Super. 2008) (counsel's failure to file a statement as required under Rule 1925 deprived appellant of meaningful review of his appeal and constitutes *per se* ineffectiveness). Accordingly, we remand so that the trial court may issue an order directing Smith to file a Rule 1925(b) statement. The trial court shall then issue a Rule 1925(a) opinion addressing the issues raised by Smith. Thereafter, the Prothonotary shall issue a new briefing schedule.

Case remanded with instructions. Jurisdiction retained.