COMMONWEALTH of Pennsylvania, Appellee

v.

Ryan A. McBRIDE, Appellant.

Superior Court of Pennsylvania.

Submitted June 30, 2008.
Filed Sept. 18, 2008.

Raymond J. Ortwein, Public Defender, Clearfield, for appellant.

William A. Shaw, Jr., Assistant District Attorney, Clearfield, for Commonwealth, appellee.

BEFORE: STEVENS, ALLEN and TAMILIA, JJ.

OPINION BY ALLEN, J.:

¶ 1 Appellant, Ryan A. McBride, appeals from the judgment of sentence entered following revocation of his probation. We remand for further proceedings.

¶ 2 On September 23, 2003, Appellant pled guilty to possession with the intent to deliver, and the trial court sentenced him

to five (5) years probation. On that same date, the trial court sentenced Appellant to eighteen (18) months to three (3) years state incarceration for a statutory sexual assault offense. The five (5) year probation period was to be served consecutive to Appellant's term of incarceration.

¶ 3 After a hearing on February 12, 2007, the trial court found that Appellant had violated his probation. Appellant's probation was revoked and he was re-sentenced to five (5) years probation with the condition that he serve a 45–day sentence in the Clearfield County Jail.

¶ 4 On October 26, 2007, after failing to report to his probation officer and testing positive for drug use, Appellant was again found to have violated his probation. The trial court revoked Appellant's probation and re-sentenced him to one (1) year to three (3) years of state incarceration.

¶ 5 Appellant filed a motion for reconsideration of sentence on October 30, 2007, which the trial court denied on November 13, 2007. Appellant timely filed a notice of appeal on November 21, 2007. The trial court on November 27, 2007, ordered Appellant to file, within 21 days, a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).[1] Appellant failed to do so. In a letter to our Superior Court Prothonotary dated January 22, 2008, the trial court declined to submit a Pa.R.A.P. 1925(a) opinion based upon Appellant's failure to file a concise statement.

■■■■ ¶ 6 Generally, the failure to file a Rule 1925(b) Statement would constitute the waiver of all issues. *Commonwealth v. Lord,* 553 Pa. 415, 719 A.2d 306, 309 (1998). According to the bright-line rule set forth by *Lord;* "... in order to preserve their claims for appellate review, [a]ppellants must comply whenever the tri-

al court orders them to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925. Any issues not raised in a Pa.R.A.P. 1925(b) statement will be waived." *Commonwealth v. Castillo,* 585 Pa. 395, 888 A.2d 775, 780, *citing Lord,* 719 A.2d at 309.

■■■ ¶ 7 While continuing to uphold *Lord's* bright-line rule, we recognize that a remedy is needed in circumstances where counsel fails to file a Rule 1925 statement.

> [W]hen all of a criminal defendant's issues are waived on direct appeal under *Lord* due to his attorney's failure to file a Pa.R.A.P. 1925(b) statement, we will presume that the defendant suffered prejudice due to the denial of effective assistance of counsel. As counsel's actions in *Halley* resulted in the denial of the criminal defendant's right to a direct appeal, we held that the appropriate remedy was to reinstate the defendant's right to pursue a direct appeal.

*Castillo,* 888 A.2d at 780. Pa.R.A.P. 1925(c)(3) provides:

> If an appellant in a criminal case was ordered to file a Statement and failed to do so, such that the appellate court is convinced that counsel has been *per se* ineffective, the appellate court shall remand for the filing of a Statement *nunc pro tunc* and for the preparation and filing of an opinion by the judge.

The Note to Pa.R.A.P. 1925(c)(3) further states:

> Prior to these amendments of this rule, the appeal was quashed if no timely Statement was filed or served; however, because the failure to file and serve a timely Statement is a failure to perfect the appeal, it is presumptively prejudicial and "clear" ineffectiveness. *See, e.g., Commonwealth v. Halley,* 582 Pa.

---

1. The amendments to Rule 1925, effective July 25, 2007, apply to this case.

164, 172, 870 A.2d 795, 801 (2005); *Commonwealth v. West*, 883 A.2d 654, 657 (Pa.Super.2005).

Direct appeal rights have typically been restored through a post-conviction relief process; but when the ineffectiveness is apparent and *per se,* the court in *West* recognized that the more effective way to resolve such *per se* ineffectiveness is to remand for the filing of the Statement and an opinion. *See West,* 883 A.2d at 657. The procedure set forth in *West* is codified in paragraph (c)(3).

Pa.R.A.P 1925 at Note (2007).

¶ 8 Here, counsel's failure to file a Rule 1925 statement was *per se* ineffectiveness. "In those extreme circumstances, where counsel has effectively abandoned his or her client and cannot possibly be acting in the client's best interests, our Supreme Court has held that the risk should fall on counsel, and not the client." *Commonwealth v. West,* 883 A.2d at 658. In order to restore a defendant's rights on appeal, the most effective means is to remand for counsel to file a concise statement. *West,* at 657.

¶ 9 For an appellant to be entitled to a remand, it must be shown that counsel completely failed to file a statement, and that failure resulted in a waiver of all issues. *West* at 658, *citing Halley,* 870 A.2d at 801. It is important to distinguish between situations where a remand is proper, and where it is not. The rule in *Halley* applies only when the ineffectiveness is of such a degree that the appellant is effectively denied counsel. "[T]he failure to perfect a requested direct appeal is the functional equivalent of having no representation." *Halley* at 801, *citing Commonwealth v. Lantzy,* 558 Pa. 214, 736 A.2d 564, 571 (1999).

¶ 10 In the case presently before us, counsel disregarded the trial court's order directing him to file a concise statement. Counsel's failure to file a statement as required under Rule 1925 deprived Appellant of meaningful review of his appeal and constitutes *per se* ineffectiveness. Finding that Appellant's counsel was *per se* ineffective, we would normally remand for a concise statement *nunc pro tunc. See Commonwealth v. Scott,* 952 A.2d 1190 (Pa.Super.2008) (remanding for counsel's failure to follow Rule 1925(b)).

¶ 11 However, it is also notable in this case that Appellant's counsel submitted to this Court a brief and a petition to withdraw pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *Commonwealth v. McClendon,* 495 Pa. 467, 434 A.2d 1185 (1981). The standard of review when an *Anders/McClendon* brief has been presented is as follows:

> To be permitted to withdraw pursuant to *Anders,* counsel must: (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record it has been determined that the appeal would be frivolous; (2) file a brief referring to anything that might arguably support the appeal, but which does not resemble a "no merit" letter or *amicus curiae* brief; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel or raise any additional points that he deems worthy of the court's attention.

*Commonwealth v. Boyd,* 763 A.2d 421, 423 (Pa.Super.2000). If these requirements are met, the Court may then evaluate the record to determine whether the appeal is frivolous. *Id.*

¶ 12 Pursuant to the recent amendments of Rule 1925, if counsel intends to submit an *Anders/McClendon* brief, the proper procedure is provided in Pa.R.A.P. 1925(c)(4):

In a criminal case, counsel may file of record and serve on the judge a statement of intent to file an *Anders/McClendon* brief in lieu of filing a Statement. If, upon review of the *Anders/McClendon* brief, the appellate court believes that there are arguably meritorious issues for review, those issues will not be waived; instead, the appellate court may remand for the filing of a Statement, a supplemental opinion pursuant to 1925(a) or both. Upon remand, the trial court may, but is not required to, replace appellant's counsel.

¶ 13 Rule 1925 provides two options which were available to Appellant's counsel at the time the trial court directed him to file a concise statement. Appellant's counsel could have complied with the order and filed a concise statement under Pa.R.A.P. 1925(b), or alternatively, could have filed a statement of intent to file an *Anders/McClendon* brief. *See Commonwealth v. Goodwin*, 928 A.2d 287, 293 (Pa.Super.2007) (*en banc*) (finding that under the newly promulgated Rule 1925, the concise statement filed by appellant's attorney indicating that 'there were no non-frivolous matters that can be raised on appeal', would be accepted by the Court as a statement of intent to file an *Anders/McClendon* brief). These options are detailed in the Note to Pa.R.A.P. 1925(c)(4):

Even lawyers seeking to withdraw pursuant to the procedures set forth in *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981) *are obligated to comply with all rules, including the filing of a Statement. See Commonwealth v. Myers*, 897 A.2d 493, 494–496 (Pa.Super.2006); *Commonwealth v. Ladamus*, 896 A.2d 592, 594 (Pa.Super.2006). However, because a lawyer will not file an *Anders/McClendon* brief

without concluding that there are no non-frivolous issues to raise on appeal, this amendment allows a lawyer to file, in lieu of a Statement, a representation that no errors have been raised because the lawyer is (or intends to be) seeking to withdraw under *Anders/McClendon*. At that point, the appellate court will reverse or remand for a supplemental Statement and/or opinion if it finds potentially non-frivolous issues during its constitutionally required review of the record.

Pa.R.A.P 1925 at Note (2007) (emphasis added).

¶ 14 Appellant's counsel in this case did not file a concise statement, nor did he file a statement of intent to file an *Anders/McClendon* brief in lieu of a concise statement. While counsel included a "concise statement" within his *Anders/McClendon* brief filed with this Court on April 4, 2008, and referencing the discretionary aspects of sentencing pursuant to Pa.R.A.P. 2119(f), the introduction of a concise statement at this juncture was insufficient to comply with the requirements of Rule 1925.

¶ 15 For this Court to properly conduct an appellate review, all necessary materials must be contained within the record. "[A]n appellate court is limited to considering only the materials in the certified record when resolving an issue." *Commonwealth v. Preston*, 904 A.2d 1, 6 (Pa.Super.2006), *citing Commonwealth v. Walker*, 878 A.2d 887, 888 (Pa.Super.2005). Additionally, "It is black letter law in this jurisdiction that an appellate court cannot consider anything which is not part of the record in the case." *Commonwealth v. Martz*, 926 A.2d 514, 524–525 (Pa.Super.2007), *citing Commonwealth v. Boyd*, 451 Pa.Super. 404, 679 A.2d 1284, 1290 (1996). Materials that have only been in-

cluded in briefs, but are not part of the record cannot be considered. "It is of course fundamental that matters attached to or contained in briefs are not evidence and cannot be considered part of the record ... on appeal." *Commonwealth v. Stanton*, 294 Pa.Super. 516, 440 A.2d 585, 588 (1982) *citing Zinman v. Com. of Pa., Dept. of Insurance*, 42 Pa.Cmwlth. 270, 400 A.2d 689 (1979). The concise statement that Appellant's counsel inserted into his *Anders/McClendon* brief is not part of the certified record and therefore may not be considered by this Court.

¶ 16 The trial court declined to submit an opinion pursuant to Pa.R.A.P. 1925(a) because of counsel's failure to file a timely Rule 1925 statement. Pa.R.A.P 1925(a) provides:

> Upon receipt of the notice of appeal, the judge who entered the order giving rise to the notice of appeal, if the reasons for the order do not already appear of record, shall forthwith file of record at least a brief opinion of the reasons for the order, or for the rulings of other errors complained of, or shall specify in writing the place in the record where such reasons may be found.

¶ 17 In order to conduct a thorough and proper review on appeal, an opinion explaining the reasoning behind the trial court's decisions is advantageous.

> The absence of a trial court opinion poses a substantial impediment to meaningful and effective appellate review. Rule 1925 is intended to aid trial judges in identifying and focusing upon those issues that the parties plan to raise on appeal. Rule 1925 is thus a crucial component of appellate process.

*Commonwealth v. Butler*, 571 Pa. 441, 812 A.2d 631, 636 (2002), *citing Lord*, 719 A.2d at 308. Rule 1925 directs the trial courts to provide an opinion as to the issues the appellant will raise, and give the appellate court "... records amenable to meaningful appellate review." *Commonwealth v. Castillo*, 585 Pa. 395, 888 A.2d 775, 779 (2005).

¶ 18 In sum, this Court cannot conduct a review under *Anders* because we do not have a complete record. "This Court cannot meaningfully review claims raised on appeal unless we are provided with a full and complete certified record." *Preston*, 904 A.2d at 7, *citing Commonwealth v. O'Black*, 897 A.2d 1234, 1240 (2006). Furthermore, absent the proper filing of any statement of record by counsel, this Court cannot properly consider counsel's request to withdraw. For this reason, counsel's petition to withdraw is denied. In denying counsel's petition, we decline to require the appointment of new counsel by the trial court.

¶ 19 For the foregoing reasons, we remand for the filing of either a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), or a statement of intent to file an *Anders/McClendon* brief pursuant to Rule 1925(c)(4). Regardless of which course of action counsel chooses, an election must be made and a *either* a concise statement must be filed with the trial court within thirty (30) days of the date of this Opinion, or a statement of intent to file an *Anders/McClendon* brief in lieu of filing a concise statement, must be filed with the trial court within thirty (30) days of the date of this Opinion. If counsel files a concise statement of errors complained of on appeal, the trial court shall, within thirty (30) days of receipt, file a Rule 1925(a) opinion. If counsel files a statement of intent to file an *Anders/McClendon* brief pursuant to Rule 1925(c)(4), a trial court opinion is not necessary and the trial court record shall be certified and transmitted back to this Court.

¶ 20 Remanded for further proceedings consistent with this Opinion. Panel jurisdiction retained.