J-S32020-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KEITH CONRAD, | |
| Appellant | No. 1659 WDA 2014 |

Appeal from the Judgment of Sentence of May 20, 2014
In the Court of Common Pleas of Clearfield County
Criminal Division at No(s): CP-17-CR-0000853-2013

BEFORE:  SHOGAN, OLSON AND MUSMANNO, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED JUNE 9, 2015**

Appellant, Keith Conrad, appeals from the judgment of sentence entered on May 20, 2014, following his jury trial conviction for theft by failure to make required disposition of funds received.[1]  We remand for the trial court to file an opinion pursuant to Pa.R.A.P. 1925(a).

We briefly summarize the facts and procedural history of this case as follows.  Appellant is a home improvement contractor.  Ronald Ferry hired Appellant to install, *inter alia*, a geothermal heating system at Mr. Ferry's residence. The Commonwealth charged Appellant with the aforementioned crime, as well as deceptive or fraudulent business practices[2] when Appellant

_____

[1]  18 Pa.C.S.A. § 3927.

[2]  18 Pa.C.S.A. § 4107.

purportedly accepted payment and did not complete services. On April 9, 2014, a jury convicted Appellant of theft by failure to make required disposition of funds and acquitted him of deceptive or fraudulent business practices. On May 20, 2014, the trial court sentenced Appellant to six months to one year of incarceration, followed by two years of probation. The trial court also ordered Appellant to pay $22,686.84 to Boyer Refrigeration and $4,806.20 to Mr. Ferry as restitution. This timely appeal resulted.[3]

Appellant presents the following issues for our consideration:

> I & II. Whether the trial court erred by misapplying the sentencing guidelines when it assigned an offense gravity score of (6) and used the same in calculating the guideline sentence, where the

_____

[3] Appellant filed post-sentence motions on May 29, 2014. The trial court held a hearing on Appellant's post-sentence motions on June 5, 2014. The trial court issued an order and opinion on August 26, 2014, denying counts V and VII of Appellant's post-sentence motion. As discussed **infra**, counts V and VII of Appellant's post-sentence motion dealt with issues pertaining to alleged recusal. On September 25, 2014, Appellant filed a notice of appeal. On September 26, 2014, Appellant's post-sentence motions were denied by operation of law. Although the notice of appeal was premature, because the trial court had not ruled on the post-sentence motions in their entirety, the appeal was perfected once the remaining counts were denied by operation of law. **See** Pa.R.A.P. 905(a)(5) ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof."). On September 26, 2014, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925. Appellant timely complied. On November 17, 2014, the trial court advised this Court that it would rely on its August 26, 2014 opinion regarding the issues presented on appeal.

offense involved a monetary value of less than $25,000[.00].

III.     Whether the lower court erred by issuing an order of restitution in the amount of $4,806.20 to Ronald Ferry, where the restitution related to the charge of deceptive business practices for which [Appellant] was acquitted by a jury.

IV.     Whether the lower court erred in sustaining the verdict of guilty where the Commonwealth failed to present sufficient evidence at trial to support a jury finding that [Appellant] obtained the relevant property "upon agreement, or subject to a known legal obligation, to make specified payments or other disposition."

Appellant's Brief at 5 (complete capitalization and suggested answers omitted).

In Appellant's first three issues, he claims that the trial court misapplied the sentencing guidelines when it assigned an inappropriate, higher offense gravity score in fashioning Appellant's sentence on his conviction for theft by failure to make required disposition. *Id.* at 8. More specifically, Appellant argues that since he was acquitted of deceptive business practices, the trial court erred in ordering restitution in the amount of $4,806.20 to Mr. Ferry. *Id.* at 9. Appellant argues that his conviction for theft by failure to make the required disposition of funds supported only the $22,686.84 restitution award to Boyer Refrigeration. Thus, he contends:

> Theft by failure to make required disposition of funds is subcategorized within the sentencing guidelines according to the monetary value involved in the offense. Where the offense involved a monetary value amount between $2,000[.00] and $25,000[.00], the appropriate offense gravity score is five (5). Where the offense involved a

- 3 -

monetary amount between $25,000[.00] and $100,000[.00], the appropriate offense gravity score is six (6). Here, the offense for which [Appellant] was convicted involved a monetary amount of $22,686.84, making the appropriate offense gravity score five (5).

Furthermore, due to the miscalculation of the offense gravity score, [Appellant] was sentenced according to an inaccurate standard range. The standard range for an offense gravity score of five (5) and a prior record score of zero (0) is RS (restorative sanctions) to nine (9) months of incarceration. However, the standard range for an offense gravity score of six (6) and a prior record score of zero (0) increases to three (3) to twelve (12) months of incarceration. Although [Appellant's] minimum term of incarceration of six (6) months could have been imposed under either standard range, that does not prevent [Appellant] from raising the present challenge to the misapplication of the sentencing guidelines.

*Id.* at 15 (some capitalization omitted).

In sum, in his first three issues on appeal, Appellant avers that the trial court erred by ordering restitution on the acquitted charge of deceptive business practices. Appellant argues that this error, in turn, improperly inflated the monetary value of Appellant's conviction under the sentencing guidelines and affected the offense gravity score used by the trial court to determine the applicable guideline range for theft by failure to make required disposition of funds received. In his fourth issue presented, Appellant contends that the Commonwealth did not present sufficient evidence to support his conviction for theft by failure to make required disposition of funds received. *Id.* at 26-31.

Here, the trial court did not address any of these issues despite the fact that Appellant raised all of them in both his post-sentence motions and

his concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). We have previously determined:

> In order to conduct a thorough and proper review on appeal, an opinion explaining the reasoning behind the trial court's decisions is advantageous. The absence of a trial court opinion poses a substantial impediment to meaningful and effective appellate review. Rule 1925 is intended to aid trial judges in identifying and focusing upon those issues that the parties plan to raise on appeal. Rule 1925 is thus a crucial component of appellate process. Rule 1925 directs the trial courts to provide an opinion as to the issues the appellant will raise[].

*Commonwealth v. McBride*, 957 A.2d 752, 758 (Pa. Super. 2008) (citations and quotations omitted).

In this case, the trial court filed an opinion on August 26, 2014. Upon review of that decision, the trial court only addressed claims pertaining to alleged impartial comments made by a different judge during a civil hearing regarding potential criminal liability in this matter. Trial Court Opinion, 8/26/2014, at 2-3. The trial court determined that the alleged failure to recuse was cured by the subsequent jury trial. *Id.* at 3-4. Unfortunately, the trial court did not address the issues Appellant currently raises on appeal. Instead, on November 17, 2014, this Court received a letter from the trial court indicating that it was relying on its August 26, 2014 opinion in response to Appellant's Rule 1925(b) statement. However, because the August 26, 2014 opinion did not examine the issues we are presently reviewing, we are constrained to remand this matter for the preparation of a

Rule 1925(a) opinion that addresses all of the issues raised in Appellant's Rule 1925(b) concise statement.

Case remanded for the preparation of an opinion pursuant to Pa.R.A.P. 1925(a). Jurisdiction retained.