J-A30016-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| J.L.R. ON BEHALF OF M.R., A MINOR AND G.R., A MINOR, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| R.T., | |
| Appellant | No. 560 EDA 2016 |

Appeal from the Order Entered January 28, 2016
In the Court of Common Pleas of Pike County
Civil Division at No(s): 168-2016

BEFORE:  BOWES, OLSON AND STABILE, JJ.

JUDGMENT ORDER BY OLSON, J.:          **FILED OCTOBER 18, 2016**

Appellant, R.T., appeals from the final protection from intimidation order entered by the Court of Common Pleas of Pike County on January 28, 2016.  As Appellant failed to file a concise statement of errors complained of on appeal ("concise statement") pursuant to Pa.R.A.P. 1925(b), Appellant waived all of her claims.  Thus, we are constrained to affirm the trial court's order.

Appellant and Appellee have a volatile relationship which resulted in both parties filing petitions for protection from intimidation orders.  After a hearing on January 28, 2016, the trial court entered final protection from intimidation orders against both parties.  Appellant filed a motion for reconsideration which was denied on February 5, 2016.  Appellant then filed a notice of appeal on February 17, 2016.  On February 18, 2016, the trial

court ordered Appellant to file a concise statement within 21 days from the date of the order. On March 29, 2016, the trial court filed an opinion pursuant to Pa.R.A.P. 1925(a) in which the court found that Appellant failed to file a concise statement thereby waiving any appellate issues. Trial Court Opinion, 3/28/16, at 2-3.

We carefully reviewed the certified record and agree that no concise statement was filed by Appellant as ordered by the trial court.[1] It is black letter law that "failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in automatic waiver of the issues raised." *Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.*, 88 A.3d 222, 224 (Pa. Super. 2014 (*en banc*) (citation omitted). "Given the automatic nature of this type of waiver, we are required to address the issue once it comes to

_____

[1] Attached to Appellant's brief is a document entitled "Notice of Appeal" dated February 9, 2016, which contains a handwritten notation "concise statement" and which sets forth a list of apparent grievances Appellant directs toward the trial court and the court system generally. This document has no time-stamp indicating that Appellant filed it before the trial court and it is not contained within the certified record. Moreover, the notice of appeal found in the certified record does not contain the statements that are contained in this document. "An appellate court may consider only the facts which have been duly certified in the record on appeal." Pa.R.A.P. 1921 Note, *citing* **Commonwealth v. Young**, 317 A.2d 258, 264 (Pa. 1974). "Materials that have only been included in the briefs, but are not part of the record cannot be considered. … The concise statement that [a]ppellant's counsel inserted into his . . . brief is not part of the certified record and therefore may not be considered by this Court." **Commonwealth v. McBride**, 957 A.2d 752, 758 (Pa. Super. 2008).

our attention.  Indeed, our Supreme Court does not countenance anything less than stringent application of waiver pursuant to Rule 1925(b)."[2]  *Id.*; *see also Commonwealth v. Butler*, 812 A.2d 631, 634 (Pa. 2002) (as the Rule 1925(b) waiver is automatic, this Court may deem issues waived *sua sponte*).  Although ordered on February 18, 2016 to file a concise statement within 21 days, Appellant failed to do so.  Because Appellant waived all of her issues on appeal, we may not address the merits of those issues.[3]

Order affirmed.

_____

[2] The Appellate Court Procedural Rules Committee has "propose[d] changing the standard for waiver in Pa.R.A.P. 1925(b), so that waiver will not occur unless a deficiency in a Statement 'interferes with or effectively precludes appellate review.'"  46 Pa.B. 5886, 5886 (Sept. 17, 2016).  This proposed change, however, has not yet been approved by our Supreme Court.

[3] We also note that Appellant's failure to follow the Pennsylvania Rules of Appellate Procedure would merit dismissal of her appeal.  "[A]ppellate briefs and reproduced records must materially conform to the Pennsylvania Rules of Appellate Procedure.  This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure." *Commonwealth v. Adams*, 882 A.2d 496, 497-498 (Pa. Super. 2005) (internal citations omitted); *see also* Pa.R.A.P. 2111-2119 (discussing required content of appellate briefs and addressing specific requirements of each subsection of brief on appeal).  When a party's brief fails to conform to the requirements of the rules of appellate procedure, and the defects are substantial, this Court may, in its discretion, quash or dismiss the appeal pursuant to Pa.R.A.P. 2101.  *See Estate of Lakatosh*, 656 A.2d 1378 (Pa. Super. 1995).  In this case, Appellant's brief fails to comport with the Rules of Appellate Procedure in multiple ways.  Thus, even if we were to find that Appellant properly preserved any issues on appeal, we would find that dismissal is warranted because Appellant's failure to follow our briefing rules seriously hampers our ability to review the merits of her claims.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/18/2016