J-S48025-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHNNY T. BRANFORD | |
| Appellant | No. 2018 MDA 2016 |

Appeal from the Judgment of Sentence Entered November 2, 2016
In the Court of Common Pleas of Berks County
Criminal Division at No: CP-06-CR-0002592-2015

BEFORE:  OTT, STABILE, and PLATT,[*] JJ.

MEMORANDUM BY STABILE, J.:                 **FILED AUGUST 01, 2017**

Appellant Johnny T. Branford appeals from the November 2, 2016 judgment of sentence entered in the Court of Common Pleas of Berks County ("trial court"), following his jury convictions of two counts of first degree murder, two counts of third degree murder, theft by unlawful taking, access device fraud, possessing instruments of crime, and unauthorized use of an automobile.[1]  Because of Appellant's failure to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, we remand this matter for the filing of a Rule 1925(b) statement *nunc pro tunc* and for the preparation and filing of a Rule 1925(a) opinion by the trial court.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2502(a), 2502(c), 3921(a), 4106(a)(1)(ii), 907(a), and 3928(a), respectively.

Following Appellant's counseled filing of a notice of appeal, on December 6, 2016, the trial court ordered him to file a Rule 1925(b) statement within 21 days. Appellant failed to comply. On May 19, 2017, Appellant's counsel filed in this Court an **Anders**[2] brief, claiming that Appellant's convictions were supported by sufficient evidence. On May 24, 2017, Appellant's counsel filed a petition to withdraw as counsel.

On appeal, the Commonwealth correctly points out that at no point did Appellant's counsel file a Rule 1925(b) statement in accordance with the trial court's December 6, 2016 order.

It is well-settled that failure to file a Rule 1925(b) statement in criminal cases is *per se* ineffective assistance of counsel. **See Commonwealth v. McBride**, 957 A.2d 752, 755-56 (Pa. Super. 2008). As a result, we remand for filing of a Rule 1925(b) statement *nunc pro tunc* under Pa.R.A.P. 1925(c)(3).[3] **Id.** at 756. Rule 1925(c)(3) provides:

> If an appellant in a criminal case was ordered to file a Statement and failed to do so such that the appellate court is convinced

---

[2] **Anders v. California**, 386 U.S. 738 (1967).

[3] We note that Rule 1925(c)(4) also provides:

> In a criminal case, counsel may file of record and serve on the judge a statement of intent to file an **Anders/McClendon** brief in lieu of filing a Statement. If, upon review of the **Anders/McClendon** brief, the appellate court believes that there are arguably meritorious issues for review, those issues will not be waived; instead, the appellate court may remand for the filing of a Statement, a supplemental opinion pursuant to Rule 1925(a), or both. Upon remand, the trial court may, but is not required to, replace appellant's counsel.

Pa.R.A.P. 1925(c)(4).

that counsel has been per se ineffective, the appellate court shall remand for the filing of a Statement *nunc pro tunc* and for the preparation and filing of an opinion by the judge.

Pa.R.A.P. 1925(c)(3).

We remand this matter to the trial court and, within 21 days of the trial court's receipt of the record from the Superior Court Prothonotary, the trial court shall order Appellant to file a Rule 1925(b) statement *nunc pro tunc*. The trial court shall then prepare and file a detailed Rule 1925(a) opinion within 60 days of the filing of the Rule 1925(b) statement. Upon the filing of the Rule 1925(a) opinion, the record is to be returned to this Court within 30 days. At that time, this Court may require the filing of supplemental briefs.

Matter remanded with directions to file a Rule 1925(b) statement *nunc pro tunc* and a Rule 1925(a) opinion. Panel jurisdiction retained.