J-A01008-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ROBERT E. EORIO, EXECUTOR OF THE ESTATE OF MICHAEL EORIO, DECEASED | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : : | |
| v. | : : : | No. 1247 EDA 2017 |
| GENERAL ELECTRIC COMPANY AND CBS CORPORATION, SUCCESSOR-IN-INTEREST TO WESTINGHOUSE ELECTRIC CORPORATION | : : : : | |

Appeal from the Order Entered March 17, 2017
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): February Term, 2015 No. 737

BEFORE: LAZARUS, J., OTT, J., and PLATT*, J.

MEMORANDUM BY LAZARUS, J.: **FILED JUNE 12, 2018**

Robert E. Eorio ("Eorio") appeals from the order, entered in the Court of Common Pleas of Philadelphia County, granting summary judgment in favor of General Electric Company ("GE") and CBS Corporation ("CBS"). After review, we affirm based, in part, on the Honorable Arnold J. New's well-reasoned opinion.

The trial court aptly summarized the facts and procedural history of this case, including the depositions of Michael Eorio and witness Andre Silvestry and the nature of various exhibits included in Eorio's memorandum in opposition to summary judgment. We hereby incorporate the trial court's recitation of the facts herein by reference. *See* Trial Court Opinion, 9/12/17,

_____

* Retired Senior Judge assigned to the Superior Court.

at 1-15.  For context, we include a brief summary of the facts and procedural history, which follows.

Michael Eorio worked as a railroad employee from 1972 to 2010 for various employers, including Lehigh Valley Railroad, Conrail, CSX, and Norfolk Southern. On September 18, 2013, Michael Eorio, then aged 63, learned he had lung cancer.  Michael Eorio suspected he had contracted lung cancer from exposure to railroad equipment and various products containing asbestos.  Michael Eorio and his former co-worker, Andre Silvestry, both alleged Michael Eorio's job duties frequently exposed him to GE and Westinghouse[1] products containing asbestos.

On February 4, 2015, Michael Eorio commenced his asbestos personal injury action in the Philadelphia Court of Common Pleas by filing a complaint against General Electric, CBS, and 33 other defendants.  On April 24, 2016, Michael Eorio died from lung cancer.  On January 10, 2017, GE and CBS filed separate motions for summary judgment.  On January 27, 2017, Eorio filed a notice of death and substitution of successor statement pursuant to Pa.R.C.P. 2355 and 2352, respectively, making him party to Michael Eorio's personal injury suit in his capacity as executor of Michael Eorio's will.

On March 17, 2017, the trial court granted summary judgment in favor of GE and CBS.  On April 5, 2017, Eorio timely appealed.  Both Eorio and the

_____

[1] Westinghouse purchased CBS in 1995, and renamed itself CBS Corporation in 1997.

trial court have complied with Pa.R.A.P. 1925.  On appeal, Eorio raises the following issues:

> 1.  Did the [trial court] commit an error of law when it ignored Pa.R.E. 701 and 702, and [U.S.] Supreme Court precedent, and ruled that Michael Eorio was not [] qualified to testify about the presence of asbestos products in his workplace because he did not have "certification"?
>
> 2.  Did the [trial court] err by disregarding evidence of Michael Eorio's extensive exposure to dust from the asbestos components in [General Electrics'] products while working for decades on the railroad?

Brief of Appellant, at 4 (reordered for purpose of this appeal).

Eorio first claims that the trial court erred in ruling Michael Eorio was not qualified to testify regarding the presence of asbestos products in his work place.  However, Eorio has waived this claim.

To preserve a claim for appellate review, an appellant must comply whenever the trial court orders appellant to file a statement of matters complained of on appeal; any issues not raised in the statement will be waived.  **Commonwealth v. McBride**, 957 A.2d 752 (Pa. Super. 2008);[2] **see also Hess v. Fox Rothschild, LLP**, 925 A.2d 798, 803 (Pa. Super. 2007) (citation omitted) ("Any issue not raised in an appellant's Rule 1925(b) statement will be deemed waived for purposes of appellate review.").

---

[2] Since the Rules of Appellate Procedure apply to criminal and civil cases alike, the principles enunciated in criminal cases construing those rules are equally applicable in civil cases.  **Lineberger v. Wyeth**, 894 A.2d 141 (Pa. Super. 2006).

General Electric objects to the absence of Eorio's Rules 701 and 702 claim in his Rule 1925(b) statement, arguing he waived this claim. We agree. Eorio's failure to raise this issue in his Rule 1925(b) statement deprived the trial court an opportunity to provide this Court with a reasoned basis for its summary judgment order as to this issue. Therefore, Eorio has waived this issue on appeal.

Next, Eorio argues the trial court ignored evidence of Michael Eorio's exposure to asbestos. Eorio's claim generally challenges the court's determination that he failed to raise a genuine issue of material fact regarding Michael Eorio's personal injury asbestos claim at the summary judgment level.

An order granting summary is subject to the following scope and standard of review:

> Our standard of review on an appeal from the grant of a motion for summary judgment is well-settled. A reviewing court may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.
>
> In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the nonmoving party bears the burden of proof on an issue, they may not merely rely on his pleadings for answers in order to survive summary judgment. Failure of a nonmoving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establish the entitlement of the moving party to judgment as a matter of law. Lastly, we will review the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

***Krauss v. Trane U.S. Inc.***, 104 A.3d 556, 562-63 (Pa. Super. 2014) (citations omitted).

Additionally, the Courts of this Commonwealth have developed distinct summary judgment standards specific to asbestos cases.

> In order for liability to attach in a products liability action, plaintiff must establish that the injuries were caused by a product of the particular manufacturer or supplier. Additionally, in order for a plaintiff to defeat a motion for summary judgment, a plaintiff must present evidence to show that he inhaled asbestos fibers shed by the specific manufacturer's product. Therefore, a plaintiff must establish more than the presence of asbestos in the workplace; he must prove that he worked in the vicinity of the product's use. Summary judgment is proper when the plaintiff has failed to establish that the defendants' products were the cause of plaintiff's injury.
>
> * * *
>
> Whether direct or circumstantial evidence is relied upon, our inquiry, under a motion for summary judgment, must be whether plaintiff has pointed to sufficient material facts in the record to indicate that there is a genuine issue of material fact as to the causation of decedent's disease by the product of each particular defendant. Whether a plaintiff could successfully get to the jury or defeat a motion for summary judgment by showing circumstantial evidence depends upon the frequency of the use of the product and the regularity of plaintiff's employment in proximity thereto.

***Krauss***, 104 A.3d at 563.

Following review of testimony from Michael Eorio and Silvestry as well as the exhibits attached to Eorio's memorandum in opposition of summary judgment, the trial court determined that Eorio failed to adduce evidence sufficient to create genuine issues of fact as to Michael Eorio's exposure to asbestos-containing GE and/or Westinghouse products. Specifically, the trial

court determined that it would require improper speculation to find that any GE or Westinghouse products or component parts with which Michael Eorio worked contained asbestos. *See id.* at 567-68 (where plaintiff presents no evidence that worker was exposed to particular asbestos-containing product made by manufacturer, as would be required to support worker's estate's asbestos product liability action against manufacturer, case could not survive summary judgment); *see Eckenrod v. GAF*, 544 A.2d 50, 53 (Pa. Super. 1988) (in absence of testimony which established that worker, who died from lung cancer, inhaled asbestos fibers shed by defendant's products, plaintiff could not recover in products liability action). *See also Toro v. Fitness International, LLC*, 150 A.3d 968, 977 (Pa. Super. 2016) (plaintiff cannot survive summary judgment when mere speculation would be required for jury to find in plaintiff's favor). We agree.

After review of the certified record, the parties' briefs and the relevant case law, we do not find the trial court committed an error of law or abused its discretion. Accordingly, we affirm based, in part, on Judge New's well-reasoned opinion. We direct the parties to attach a copy of the trial court's September 12, 2017 opinion to any future matters.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/12/18