J-S05026-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ADAM ABDUL ALI :
:
Appellant : No. 1073 WDA 2018

Appeal from the Judgment of Sentence Entered June 26, 2018
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0000035-2018

BEFORE:    PANELLA, P.J., NICHOLS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY NICHOLS, J.:                              FILED MARCH 11, 2019

Appellant Adam Abdul Ali appeals from the judgment of sentence following his guilty plea to simple assault and disorderly conduct.[1] For the reasons that follow, we remand for further proceedings consistent with this memorandum.

The facts underlying this case arise from Appellant's guilty plea to simple assault and disorderly conduct on May 1, 2018. The trial court sentenced Appellant to five to twenty-three months' incarceration on June 26, 2018. Appellant filed a motion for reconsideration of sentence, seeking a reduced sentence. The trial court denied the motion for reconsideration on June 28, 2018. Khadija W. Horton, Esq. (Attorney Horton) represented Appellant

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2701(a)(1) and 5503(a)(4), respectively.

during his guilty plea and at sentencing. Attorney Horton filed a timely notice of appeal on behalf of Appellant on July 26, 2018.

The trial court ordered Appellant to file a Pa.R.A.P. 1925(b) statement by August 17, 2018. In lieu of filing a Rule 1925(b) statement, Attorney Horton filed a statement of intent to file an Anders[2] brief. The trial court declined to file a responsive opinion, citing Attorney Horton's notice of intent to file an Anders brief. See Order, 9/14/18 (citing Commonwealth v. McBride, 957 A.2d 752 (Pa. Super. 2008)).

Attorney Horton did not file an Anders brief or a petition to withdraw under Anders. Instead, a public defender, Emily Merski, Esq. (Attorney Merski), entered her appearance on behalf of Appellant in this Court on October 4, 2018. Thereafter, on October 15, 2018, Attorney Horton filed a petition to withdraw as counsel, which this Court granted on October 17, 2018. After Attorney Merski entered her appearance and Attorney Horton withdrew, Attorney Merski filed an advocate's brief challenging the discretionary aspects of the sentence.

An attorney may file a notice of intent to file an Anders brief in lieu of filing a Rule 1925(b) statement. See Pa.R.A.P. 1925(c)(4); McBride, 957 A.2d at 758. In this case, Attorney Horton filed a notice of intent to file an Anders brief, but did not actually file an Anders brief. Instead, she withdrew after Attorney Merski entered her appearance. Attorney Merski subsequently

_____

[2] Anders v. California, 386 U.S. 738 (1967).

filed an advocate's brief challenging the discretionary aspects of the sentence, but did not file a Rule 1925(b) statement or petition this Court for a remand to file a Rule 1925(b) statement nunc pro tunc. Moreover, given this procedural history, this Court does not have the benefit of the trial court's opinion addressing Appellant's sentencing claim.

Therefore, we remand for Appellant to file a Rule 1925(b) statement and the trial court to file a responsive Rule 1925(a) opinion. See Pa.R.A.P. 1925(c)(3) (providing that where a Rule 1925(b) statement has been ordered in a criminal case and has not been filed, "the appellate court shall remand for the filing of a Statement nunc pro tunc and for the preparation and filing of an opinion by the judge"). Attonrey Merski shall have twenty-one days from the date of this memorandum to file a Rule 1925(b) statement, and the trial court shall have an additional thirty days to file a Rule 1925(a) opinion. The trial court shall remit the record to this Court upon completion of its Rule 1925(a) opinion.

Case and record remanded with instructions. Panel jurisdiction retained.