J-S03006-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: OTHER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: AISHA BRADLEY | : | |
| | : | |
| | : | No. 393 EDA 2022 |

Appeal from the Order Entered December 8, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-MD-0003368-2021

BEFORE: BOWES, J., McCAFFERY, J., and SULLIVAN, J.

MEMORANDUM PER CURIAM:           **FILED FEBRUARY 28, 2023**

Aisha Bradley appeals *pro se* from the order that dismissed her appeal from the disapproval of her private criminal complaint by the Philadelphia County District Attorney's Office ("DA"). We dismiss this appeal.

The history of this litigation, in pertinent part, is as follows. Ms. Bradley filed a private criminal complaint concerning property owned by Patricia Simon, a seventy-year-old friend of Ms. Bradley for whom Ms. Bradley alleged she had been appointed agent pursuant to a power of attorney ("POA").[1] Ms. Bradley summarized the factual basis of her complaint as follows:

---

[1] Rather than follow the normal channels for filing her complaint with the DA in person, Ms. Bradley was asked to submit hers by e-mail, as the assistant district attorney who spoke with Ms. Bradley about the matter over the telephone found her "extremely difficult to deal with" and did not wish "to
*(Footnote Continued Next Page)*

So, basically, what previous City employees did was land locked her property and took it for Fairmount Park property without providing eminent domain or without the authority of the law. You can't just take somebody's property for park property without the authority of the law.

So when Patricia Simon came to sell her property -- she's old. It's almost an acre of land. She can't do anything with that. So, when she wanted to sell her land, she found out it was landlocked.

See, I found out about Patricia Simon because I wanted to build my own real estate business. That's how I came in touch with her. Then I found all this stuff happened to her property, and we became friends.

So, when I go to the City of Philadelphia to find out what happened, well, hey, where's her right of way? Why is her property land locked? They lied and put in false statements in government documents. They lied. They said, "Oh, the development of where she lived is a failed plan."

I mean, they told all types of lies and what happened is, they covered up previous City actions from 1960. Now, 1960, we're talking about Martin Luther King alive, JFK, is alive, and all that. So what they did in 1960, they landlocked her property.

So this rich woman, Eleanor Houston Smith, said, "Hey. I'll donate six acres to Fairmount Park, but you can't build a road on this six acres." So what they did to honor her bequest they landlocked her property.

N.T. Hearing, 12/7/21, at 11-13.

---

submit [the DA's] intake workers to what [he] was experiencing," which he described as "bullying to an unprofessional degree." N.T. Hearing, 12/7/21, at 42-43. The trial court described Ms. Bradley's efforts as "over the top and well beyond just communicating and exercising your right as a citizen to hold elected officials and public servants accountable." *Id*. at 48. This Court's experiences comport with the trial court's assessment in that regard.

The DA disapproved the complaint for the following bases: "Prosecutorial discretion. Judicial economy. Intent on behalf of the accused parties unclear. Matters not appropriate for a private criminal complaint. Complainant advised to seek remedy in civil court."[2] **See** Trial Court Opinion, 5/6/22, at 1 (cleaned up). Ms. Bradley, after unsuccessfully appealing the disapproval to the Philadelphia Municipal Court, appealed to the trial court. The court held a hearing at which it asked to see the POA that gave Ms. Bradley the authority to proceed on Ms. Simon's behalf, since Ms. Simon was the party aggrieved by the alleged criminal activity and she was not present at the hearing.[3] **See** N.T. Hearing, 12/7/21, at 13-14. The trial court directed Ms. Bradley to appear the following day with the original POA. Ms. Bradley returned with a ten-page document that the trial court determined lacked an

---

[2] Although it does not impact our disposition of this appeal, we note that our Supreme Court recently changed the law such that the same standard of review applies regardless of the basis that the DA offers for disapproving a private criminal complaint. *See* **In Re: Private Complaint Filed by Luay Ajaj**, ___ A.3d ___, 55 MAP 2021, 2023 WL 308130 (Pa. Jan. 19, 2023) ("We hold that . . . a court of common pleas may only overturn that decision if the private complainant demonstrates that the disapproval decision amounted to bad faith, occurred due to fraud, or was unconstitutional. In so holding, we denounce the prior rubric, where the applicable standard of review depended on the asserted basis for the prosecutor's disapproval decision.").

[3] Ms. Bradley represented that Ms. Simon was at home at the time of the hearing, but she did not know Ms. Simon's address. **See** N.T. Hearing, 12/7/21, at 14.

original signature and was otherwise defective.[4]  Accordingly, the trial court dismissed the appeal.  ***See*** N.T. Hearing, 12/8/21, at 5.

Ms. Bradley filed a timely appeal to this Court.  On January 19, 2022, the trial court ordered Ms. Bradley to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within twenty-one days.  In addition to a deluge of other documents, Ms. Bradley filed for an extension of time to comply, which the trial court granted, giving Ms. Bradley twenty-one days from March 4, 2022, to file her concise statement.  That order advised Ms. Bradley that she must "concisely identify each ruling or error that [she] intends to challenge with sufficient detail to identify all pertinent issues for the trial judge" and that "failure to comply with this directive may be considered by the appellate court as a waiver of all objections to the order, ruling, or other matters complained of on appeal."  Order, 3/4/22 (unnecessary capitalization omitted).

Rather than file her statement, Ms. Bradley inundated the trial court with filings, prompting it to issue the following:

> [I]t is hereby ORDERED that the Appellant/Aisha Bradley is not permitted to send any further emails, or other written communications of any kind directly to the undersigned judge or her judicial staff related to the above-captioned matter.
>
> It is hereby further ORDERED that Appellant/Aisha Bradley is not permitted to make any further phone calls directly to the

---

[4] For example, the trial court noted that one page of the document was signed and dated a week after the date it was notarized as indicated by the handwritten notary information.  ***See*** N.T. Hearing, 12/8/21, at 4.

undersigned judge's chambers or her judicial staff related to the above-captioned matter.

It is hereby furthered ORDERED that Appellant/Aisha Bradley shall limit her communications to the undersigned judge, or her judicial staff to the filing of pleadings related to the orders issued by the Court pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure.

Order, 3/17/22 (cleaned up).

On March 23, 2022, Ms. Bradley filed her statement of errors. However, she prefaced it by stating that she would not file a concise statement because such was impossible since the transcripts were defective and the trial court refused to provide an audio recording of the proceedings. What followed, after allegations of statements purportedly made by the trial court that were missing from the transcripts, was 172 numbered paragraphs, replete with subparagraphs, spanning approximately 300 pages, including exhibits of reproduced communications and legal authorities. In response, the trial court authored a Rule 1925(a) opinion suggesting that Ms. Bradley waived her appellate issues by failing to comply with its Rule 1925(b) order by concisely identifying issues for it to address. *See* Trial Court Opinion, 5/6/22, at 4-6. Alternatively, the trial court opined that Ms. Bradley lacked standing to seek judicial review of the dismissal of the private complaint because she failed to proffer evidence that she had an interest in the litigation beyond that of any private citizen. *Id*. at 7-8 (citing *In Re Hickson*, 821 A.2d 1238, 1243-45 (Pa. 2003) (providing that traditional standing principles, namely that the appellant is "able to show that the crime visited upon them a substantial,

direct and immediate injury," apply to what is now Pa.R.Crim.P. 506, which allows an affiant submitting a private criminal complaint to seek judicial review of a DA's private disapproval)).

In this Court, Ms. Bradley continued in the same vein, filing more than thirty applications for relief, all of which were denied. In her brief, Ms. Bradley states 102 questions, most of which accuse judges and assistant district attorneys of official oppression, misconduct, obstruction, conspiracy, and other offenses.[5] The summary of the argument portion of Ms. Bradley's brief is thirty-six pages, while her argument is fourteen pages, and is not divided into 102 separate parts to correspond with her 102 questions as is required by Pa.R.A.P. 2119(a). According to Ms. Bradley's certification, her brief contains more than 14,000 words, which is contrary to Pa.R.A.P. 2135(a)(1).

It is well-settled that,

[a]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. A *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. Any layperson choosing to represent himself or herself in a legal proceeding must, to some reasonable extent, assume the risk that his or her lack of expertise and legal training will prove his or her undoing.

---

[5] For example, Ms. Bradley claims that the ADA with whom she spoke acted in bad faith and abused his discretion by calling her on the phone to discuss the matter when she told him she wanted to do so in person, and engaged in official oppression by refusing to email her the private complaint application that she requested. **See** Appellant's brief at 18, 26 (questions 16 and 32). Ms. Bradley accuses the trial court of criminal offenses based upon the allegation that the trial judge did not perform a judicial review of the disapproval of her complaint. **Id**. at 52 (questions 80-82).

*Smithson v. Columbia Gas of PA/NiSource*, 264 A.3d 755, 760 (Pa.Super. 2021) (cleaned up).

This Court has explained that "Rule 1925 is . . . a crucial component of appellate process." *Commonwealth v. McBride*, 957 A.2d 752, 758 (Pa.Super. 2008) (cleaned up). To facilitate "meaningful and effective appellate review" of the issues the appellant presents, we require a trial court opinion explaining its reasoning. *Id*. (cleaned up). To aid the trial court in this process, Rule 1925 mandates, among other things, that the appellant "concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge." Pa.R.A.P. 1925(b)(4)(ii). "The Statement should not be redundant or provide lengthy explanations as to any error." Pa.R.A.P. 1925(b)(4)(iv). While raising a large number of errors is not alone indicative of non-compliance, the issues nonetheless must be "non-redundant, non-frivolous[, and] set forth in an appropriately concise manner" in order to preserve the issues for appeal. *Id*.

Where an appellant refuses to comply with the letter and spirit of Rule 1925, overwhelming the trial court and subverting our ability to conduct meaningful review, the appellant waives all issues on appeal. *See*, *e.g.*, *Mahonski v. Engel*, 145 A.3d 175, 182 (Pa.Super. 2016) (holding, where the appellant stated eighty-seven claims of error, which included "flippant remarks demonstrating disrespect of the judicial process" and the trial court refused to address the "overly vague, redundant, and prolix" claims of error,

that the record supported the trial court's finding that the "voluminous 1925(b) statements failed to set forth non-redundant, nonfrivolous issues in an appropriately concise manner"); **Kanter v. Epstein**, 866 A.2d 394, 401 (Pa.Super. 2004) ("The Defendants' failure to set forth the issues that they sought to raise on appeal in a concise manner impeded the trial court's ability to prepare an opinion addressing the issues that the Defendants sought to raise before this Court, thereby frustrating this Court's ability to engage in a meaningful and effective appellate review process. By raising an outrageous number of issues [(more than one hundred)], the Defendants have deliberately circumvented the meaning and purpose of Rule 1925(b) and have thereby effectively precluded appellate review of the issues they now seek to raise.").

Likewise, where an appellant's failure to comply with the briefing requirements of the Rules of Appellate Procedure unduly hampers our ability to conduct meaningful review, we may decline to conduct a review and instead dismiss the appeal. **See** Pa.R.A.P. 2101 ("[I]f the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be . . . dismissed."); **Smithson**, **supra** at 7961 (dismissing appeal because the appellant's disregard for appellate rules left this Court unable to conduct effective review).

Here, Ms. Bradley has declined to file (1) a concise statement of errors complained of on appeal, instead overwhelming the trial court with an unduly

lengthy and repetitive statement replete with extraneous information; and (2) an appellate brief that conforms with Rules 2119 and 2135(a)(1), instead providing a mere fourteen pages of argument for more than one hundred questions stated over fifty-two pages, without indicating which questions are encompassed by which portions of the argument. These rules violations have hampered our ability to conduct meaningful review of the substance of this appeal.[6] Accordingly, we dismiss this appeal.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/28/2023

---

[6] Both parties have advised us that Ms. Simon passed away during the pendency of this appeal. Since we dispose of this appeal without addressing Ms. Bradley's issues or the trial court's ruling that she lacked standing to appeal, we need not examine what impact, if any, her death and estate plan have on Ms. Bradley's standing.

Also in light of our disposition, we deny Ms. Bradley's January 20, 2023 application for the appointment of special investigative counsel pursuant to 18 Pa.C.S. § 9512 (governing petitions to the Special Independent Prosecutor's Panel), and for this Court to petition the Attorney General to intervene.