J-S29036-24 & J-S29037-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| KEITH L. BURLEY, JR. | : | |
| | : | No. 386 WDA 2024 |
| Appellant | | |

Appeal from the PCRA Order Entered March 20, 2024
In the Court of Common Pleas of Lawrence County Criminal Division at
No(s):  CP-37-CR-0000235-1999

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| KEITH L. BURLEY, JR. | : | |
| | : | |
| Appellant | : | No. 387 WDA 2024 |

Appeal from the PCRA Order Entered March 20, 2024
In the Court of Common Pleas of Lawrence County Criminal Division at
No(s):  CP-37-CR-0000339-1999

BEFORE:  DUBOW, J., KING, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:          **FILED: September 12, 2024**

Appellant, Keith L. Burley, Jr., appeals — in two separate cases that we
*sua sponte* consolidate herein — from the post-conviction court's March 20,
2024 orders denying, as untimely, his petitions filed under the Post Conviction
Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The facts of Appellant's two, underlying cases are not pertinent to our disposition of his present appeal. We need only note that, in May of 1999, Appellant was charged, at CP-37-CR-0000235-1999, with homicide, robbery, and carrying a firearm without a license. He was also charged that same day, in CP-37-CR-0000339-1999, with recklessly endangering another person (REAP) and firearm offenses. On October 18, 1999, he entered guilty pleas in both cases to the offenses of third-degree murder, carrying a firearm without a license, and REAP. On November 22, 1999, Appellant was sentenced to an aggregate term of 18 to 36 years' incarceration. He did not file a direct appeal.

Over the ensuing two decades, Appellant litigated two unsuccessful PCRA petitions. On December 7, 2020, he filed a third, *pro se*, PCRA petition, which underlies his instant appeals. Counsel was appointed, but filed a petition to withdraw, which the court granted. On December 7, 2023, the court held a hearing, at which Appellant requested permission to submit a *pro se* brief concerning his PCRA petition, which the court granted. Appellant thereafter filed a brief. On March 20, 2024, the PCRA court issued an order and opinion denying Appellant's petition as untimely. ***See*** PCRA Court Opinion, 3/20/24, at 1-10.

Appellant filed a timely, *pro se* notice of appeal in each case. The court then ordered him to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and Appellant complied. In his concise statement, Appellant raised the following issues, verbatim:

1. The PCRA court erred when it accepted the Finley letters of and filed by PCRA counsel McCurdy and Lacich and dismissed Appellant Burley's request for PCRA relief as there were issues of arguable merit that could have been raised by PCRA counsel in an amended PCRA petition.

2. The PCRA court erred by dismissing the request for relief where Appellant was chronically unrepresented and all prior counsel (i.e. Leslie Elisco Smith Shaw and Frisk McCurdy and Lacich) were ineffective and none amended the petition and the (third) petition relates and traces back to the second petition Frisk neither amended nor filed notice of appeal.

3. The PCRA court erred by placing all of Burley claims under the umbrella of the PCRA where some claims are habeas claims and the common law writs still exists.

4. The PCRA court erred by failing to rule on Appellant's recusal motion.

5. The PCRA court erred by issuing orders for PCRA counsel Frisk to take action where counsel was deceased and could not act on behalf of the Appellant.

6. The PCRA court erred by unlawfully suspending the habeas corpus where the Appellant Burley was collaterally attacked by District Attorney Joshua D. Lamancusa Aaron Bernstine (State Representative) and the House of Representatives of PA through and by the Markie's Law Movement (see Burley V. Bernstine et al No. 26 WAP 2023 Pa. Supreme Court).

Pa.R.A.P. 1925(b) Statement, 4/22/24, at 1-2 (unnecessary capitalization omitted).

In response to Appellant's concise statement, on April 30, 2024, the PCRA court issued a "Memorandum Order of Court" stating that all Appellant's issues were adequately addressed in its March 20, 2024 opinion accompanying its order denying his petition, except for Appellant's claim that the court failed to rule on his motion for recusal. The court then briefly addressed that issue,

concluding it was waived and/or meritless. *See* Memorandum Order of Court, 4/30/23, at 1-2.

Now, on appeal, Appellant filed two, identical *pro se* briefs presenting the following two issues for our review:

1. Did the PCRA court fail to comply with Pa.R.A[].P. 1925(a)[,] which directs the court to provide an opinion as to the issues … Appellant will raise, posing an impediment to meaningful and effective appellate review, as well as hindering … Appellant from filing a meaningful and effective appellate brief?

2. Does preclusion of meaningful review warrant remand for the issuance of a [Rule] 1925(a) opinion outlining the court's reasoning for dismissing Appellant's petition, especially since Appellant asserts he will be prejudiced in its absence?

Appellant's Brief at 4 (unnecessary capitalization omitted).

In the Argument section of his brief, Appellant's entire, verbatim argument is as follows:

Appellant avers that this Honorable would be unable to dispose of pivotal issues in the absence of a 1925(a) opinion.

Logic demands that the proceedings require a 1925(a) opinion and an answer from the district attorney's office so that factual and legal questions can be presented meaningfully.

Please see Commonwealth V. McBride 2008 (Pa. Super 216, 957 A.2d 752, 758) and Burley V. Bernstine, et al. Supreme Court of Pennsylvania No. 26 WAP 2023.

Appellant's Brief at 5. Appellant also includes the following conclusory sentence: "Appellant respectfully requests the Court to direct the PCRA court to provide an opinion which will allow meaningful and effective Appellate review, and to Grant leave for Appellant to supplement this Brief within 90 days of receipt of the 1925(a) opinion." *Id.*

- 4 -

No relief is due. Initially, Appellant's undeveloped argument does not permit this Court to meaningfully review his claims. Appellant does not explain what "pivotal issues" he was unable to argue due to the ostensible absence of a Rule 1925(a) opinion by the court.

> When briefing the various issues that have been preserved, it is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities. Citations to authorities must articulate the principles for which they are cited.
>
> This Court will not act as counsel and will not develop arguments on behalf of an appellant. Moreover, when defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived.

*Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007), *appeal denied*, 940 A.2d 362 (Pa. 2008) (citations omitted). Based on Appellant's undeveloped argument herein, we deem his issues waived.

In any event, even if not waived, we would also conclude that Appellant's argument that the court failed to satisfy Rule 1925(a) is meritless. As discussed above, after Appellant filed his concise statement, the court issued a "Memorandum Order of Court" stating that, aside from Appellant's recusal issue, it was relying on its March 20, 2024 opinion to explain its reasons for denying his petition. This satisfies Rule 1925(a). *See* Pa.R.A.P. 1925(a) (stating that the court "shall … file of record at least a brief opinion of the reasons for the order, or for the rulings or other errors complained of,

***or shall specify in writing the place in the record where such reasons may be found***") (emphasis added).

Moreover, Rule 1925(a) only requires the court to author an opinion "***if the reasons for the order do not already appear of record***…." Pa.R.A.P. 1925(a) (emphasis added). Again, the court's reasons for denying Appellant's petition were adequately set forth in its March 20, 2024 opinion, and the court explicitly pointed to that opinion in its "Memorandum Order of Court" filed in response to Appellant's concise statement. Appellant obviously received the court's March 20, 2024 opinion, as he attached it to his appellate briefs in each case. Thus, we fail to see (and Appellant does not explain) why he could not utilize the discussion set forth in that opinion to develop the majority of his arguments on appeal.

In regard to Appellant's recusal issue, the PCRA court added a discussion of that claim in its "Memorandum Order of Court," concluding it was waived and/or meritless. We recognize that the trial court docket does not show that the "Memorandum Order of Court" was served on Appellant (although a handwritten notation on that document indicates that it was). Regardless, we would decline to remand. Appellant does not even mention, let alone attempt to explain, why the court should have recused in this case. His Rule 1925(b) statement is also impermissibly vague, stating only that the court "erred by failing to rule on Appellant's recusal motion." Pa.R.A.P. 1925(b) Statement at 2. However, as the court noted in its "Memorandum Order of Court," Appellant never pursued a ruling on his recusal request below. For instance, in the brief

that the court permitted Appellant to file following the December 7, 2023 hearing, Appellant never reiterated his claim that the court should recuse. He also failed to specify, in his Rule 1925(b) statement, why the court should have recused. It is well-settled that, "when an appellant fails to identify in a vague [Rule] 1925(b) statement the specific issue he/she wants to raise on appeal, the issue is waived, even if the trial court guesses correctly and addresses the issue in its [Rule] 1925(a) opinion." ***Commonwealth v. Lemon***, 804 A.2d 34, 38 (Pa. Super. 2002). Thus, because we would conclude that Appellant waived his recusal claim, we would not waste time and judicial resources by remanding to provide Appellant with the "Memorandum Order of Court" in which the court discussed this issue.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 09/12/2024