J-S04027-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JOVAN LANCE BRADLEY :
:
Appellant : No. 1336 MDA 2018

Appeal from the Judgment of Sentence Entered July 13, 2018
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0003022-2017

BEFORE: SHOGAN, J., OTT, J., and STEVENS*, P.J.E.

MEMORANDUM BY OTT, J.: **FILED APRIL 23, 2019**

Jovan Lance Bradley appeals from the judgment of sentence imposed
on July 13, 2018, in the Court of Common Pleas of Lancaster County, following
the entry of a negotiated no contest plea of 2 to 4 years' incarceration on the
charges of possession of marijuana,[1] possession of drug paraphernalia,[2] traffic
control devices,[3] firearms not to be carried without a license,[4] and prohibited

_____

* Former Justice specially assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(31).

[2] 35 P.S. § 780-113(a)(32).

[3] 75 Pa.C.S.A. § 3112(a)(3)(i).

[4] 18 Pa.C.S.A. § 6106(a)(1).

offensive weapon.[5]  On August 9, 2018, despite having counsel, Bradley filed a *pro se* notice of appeal,[6] stating that he only wished to appeal issues related to the denial of his pre-trial motion to suppress.[7]  Notice of Appeal, 8/09/2018. Contemporaneous with this appeal, appointed counsel has filed an ***Anders*** brief along with a motion to withdraw as counsel. After a thorough review of the submissions by the parties,[8] relevant law, and the certified record, we affirm and grant counsel's petition to withdraw.

Counsel has filed an ***Anders*** brief, explaining there are no meritorious issues.  Therefore, we proceed "to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous."  ***Commonwealth v. Flowers***, 113 A.3d 1246, 1248 (Pa. Super. 2015) (quotations and citation omitted).  In so doing, we review not only the issues identified by appointed counsel in the ***Anders*** brief, but examine all of the proceedings to "make certain that appointed counsel has not overlooked the existence of potentially non-frivolous issues."  ***Id.*** at 1249 (footnote omitted).

_____

[5] 18 Pa.C.S.A. § 908(a).

[6] We note that, in ***Commonwealth v. Williams***, 151 A.3d 621 (Pa. Super. 2016), a panel of this Court held that we are required to docket and honor *pro se* notices of appeal filed by represented criminal defendants.

[7] Counsel filed a notice of appeal on Bradley's behalf on August 13, 2018.

[8] On December 28, 2018, the Commonwealth filed a letter stating that it would not submit a brief in this case.

We begin by noting,

> The standard of review when an ***Anders***/***McClendon*** brief has been presented is as follows:
>
>> To be permitted to withdraw pursuant to ***Anders***, counsel must: (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record it has been determined that the appeal would be frivolous; (2) file a brief referring to anything that might arguably support the appeal, but which does not resemble a "no merit" letter or *amicus curiae* brief; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel or raise any additional points that he deems worthy of the court's attention.
>
> If these requirements are met, the Court may then evaluate the record to determine whether the appeal is frivolous.

***Commonwealth v. McBride***, 957 A.2d 752, 756-757 (Pa. Super. 2016) (citations omitted).

Here, counsel has complied with the technical requirements of ***Anders***/***McClendon***.[9] Accordingly, we proceed. In the ***Anders***/***McClendon*** brief, counsel discusses the issue Bradley sought to raise in his *pro se* notice of appeal: that the trial court erred in denying his motion to suppress; as well as the voluntariness of his no contest plea, and the legality of his sentence.

We agree with counsel that Bradley cannot challenge the trial court's ruling on his motion to suppress. Our law "makes clear that by entering a

---

[9] In the trial court, counsel filed a statement of intent to file an ***Anders***/***McClendon*** brief in compliance with Pennsylvania Rule of Appellate Procedure 1925(c)(4).

[no contest] plea, the defendant waives his right to challenge on direct appeal all nonjurisdictional defects except the legality of the sentence and the validity of the plea." **Commonwealth v. Lincoln**, 72 A.3d 606, 609 (Pa. Super. 2013), *appeal denied*, 87 A.3d 319 (Pa. 2014). Thus, because Bradley cannot challenge any issues relating to his motion to suppress, raising them on appeal would be wholly frivolous.

Moreover, Bradley waived any challenge to his no contest plea. The **Lincoln** Court reiterated established law that "a defendant wishing to challenge the voluntariness of a [no contest] plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i). Failure to employ either measure results in waiver." **Id.** at 609-610. Such waiver flows from application of Pa.R.A.P. 302, which provides that issues not raised in the trial court are waived for purposes of appeal. Because Bradley did not preserve any challenge to the voluntariness of his plea, we have nothing to review, making any claim regarding it frivolous.[10]

_____

[10] In any event, our review of the record shows there is nothing to challenge as both the written and oral plea colloquies demonstrates that Bradley understood his rights and the nature of the charges against him. **See** N.T. Guilty Plea, 7/13/2018, 3-8; Guilty Plea Colloquy and Post-Sentence Rights, 7/13/2018, at 1-7; **Commonwealth v. McCauley**, 797 A.2d 920, 924 (Pa. Super. 2001); **see also** Pa.R.Crim.P. 590, Comment. Further, "[t]he law does not require that [Bradley] be pleased with the outcome of his decision to enter a plea of [no contest]: 'All that is required is that [his] decision to plead [no contest] be knowingly, voluntarily and intelligently made.'" **Commonwealth**

We have reviewed Bradley's sentence and found that any challenges to its legality would also be frivolous.[11] Thus, because the certified record amply demonstrates there are no meritorious issues on direct appeal, we affirm the judgment of sentence. Additionally, we grant counsel's motion to withdraw from representation.

Judgment of sentence affirmed. Motion to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/23/2019

---

_v. Yager_, 685 A.2d 1000, 1004 (Pa. Super. 1996) (_en banc_), appeal denied, 701 A.2d 577 (Pa. 1997) (citation omitted). Here, Bradley has not shown that his decision to enter the plea was involuntary.

[11] There was no penalty imposed on the charges of possession of marijuana and possession of drug paraphernalia. On the motor vehicle violation, the trial court imposed the statutorily mandated fine of $25. On the charge of firearms not to be carried without a license, the court sentenced Bradley to 2-4 years' imprisonment, plus a fine of $100, well below the statutory maximum. **See** 18 Pa.C.S.A. §§ 1103(3) and 6106(a)(1). On the final count of offensive weapons, the court sentenced him to a concurrent sentence of 1-2 years, again, well under the statutory maximum. **See** 18 Pa.C.S.A. § 1104(1) and 908(a); **see also** N.T. Guilty Plea, 7/13/2018, at 6-7.