J-S83010-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CURTIS UKASIK | : | |
| | : | |
| Appellant | : | No. 401 WDA 2018 |

Appeal from the Judgment of Sentence January 25, 2018
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0007410-2016

BEFORE: PANELLA, J., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, J.:               **FILED JUNE 24, 2019**

Curtis Ukasik appeals from the judgment of sentence entered after he pleaded *nolo contendre* to 13 counts of Theft by Failure to Make Required Disposition of Funds, 5 counts of Theft by Deception, 1 count of Theft by Unlawful Taking – Movable Property, and 1 count of Deceptive Business Practices.[1] Ukasik's appointed counsel seeks to withdraw pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981). We affirm the judgment of sentence and grant counsel's petition to withdraw.

Ukasik operated an automotive restoration, customization, and repair business. As summarized by the trial court:

---

[1] 18 Pa.C.S.A. § 3927, 18 Pa.C.S.A. § 3922, 18 Pa.C.S.A. § 3921(a), and 18 Pa.C.S.A. §§ 4107(a)(2), (a)(4)(i), respectively.

the Commonwealth's summary of the evidence established that [Ukasik] was the owner and operator of Redline Performance Sports which performed restoration and customization on high end autos. The Commonwealth established that the victims sent their vehicles and various payments to [Ukasik] for customization and repair work and that [Ukasik] took the money but little or no work was ever performed. . . . The amounts taken by [Ukasik] ranged from as high as $167,505.00 from one victim to as low as $836.00. . . . [Ukasik] acknowledged that the summary of the evidence was correct.

Trial Court Opinion, 7/16/18, at 2-3 (citations omitted, alterations added).

Ukasik pleaded *nolo contendre* to these charges. Ukasik "was sentenced at three of the theft counts to consecutive periods of confinement of 12 to 24 months, 10 to 20 months and 10 to 20 months." ***Id.***, at 1. Ukasik "was also sentenced to four consecutive periods of five years' probation and concurrent terms of five years' probation at the remaining counts." ***Id.*** "Therefore, [Ukasik] was sentenced to a total aggregate sentence of 32 to 64 months incarceration and 20 years' probation." ***Id.***

Ukasik filed a timely post-sentence motion, which the trial court denied. This timely appealed followed. Thereafter, the trial court directed Ukasik to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b). In response, Ukasik's counsel filed a statement of intention to file an ***Anders/McClendon*** brief in lieu of a concise statement.

As a threshold matter, we recognize that Ukasik's counsel has filed a brief pursuant to ***Anders*** and its Pennsylvania counterpart, ***McClendon***. ***See Anders***, 386 U.S. 783; ***McClendon***, 434 A.2d 1185. Pursuant to the Rules of Appellate Procedure,

- 2 -

[i]n a criminal case, counsel may file of record and serve on the judge a statement of intent to file an ***Anders/McClendon*** brief in lieu of filing a Statement. If, upon review of the ***Anders/McClendon*** brief, the appellate court believes that there are arguably meritorious issues for review, those issues will not be waived; instead, the appellate court may remand for the filing of a Statement, a supplemental opinion pursuant to Rule 1925(a), or both. Upon remand, the trial court may, but is not required to, replace appellant's counsel.

Pa.R.A.P. 1925(c)(4).

To be permitted to withdraw pursuant to ***Anders,*** counsel must: (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record it has been determined that the appeal would be frivolous; (2) file a brief referring to anything that might arguably support the appeal, but which does not resemble a "no merit" letter or *amicus curiae* brief; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel or raise any additional points that he deems worthy of the court's attention.

***Commonwealth v. McBride***, 957 A.2d 752, 756 (Pa. Super. 2008)(citation omitted). Moreover, counsel is required to submit to this Court "a copy of any letter used by counsel to advise the appellant of the rights associated with the ***Anders*** process." ***Commonwealth v. Woods***, 939 A.2d 896, 900 (Pa. Super. 2007). Our Supreme Court has further expounded on the requirements necessary for an ***Anders*** brief, by requiring counsel to:

1) provide a procedural history of the case;
2) refer to anything of record that could support the appeal;
3) identify counsel's conclusion that the appeal is frivolous; and
4) state counsel's rationale for his or her conclusion, which is inclusive of applicable facts of record, controlling case law, and statutes.

*See Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009). If all of these requirements have been met, we may then review the record to determine the frivolity of the appeal. *See id.*, at 355 n. 5.

Here, Ukasik's counsel filed an appropriate petition seeking leave to withdraw, which included all of the essential elements outlined in *Santiago*. Furthermore, counsel sent Ukasik a copy of the underlying *Anders* brief, identified the extensive review performed on Ukasik's case, informed Ukasik of his right to proceed with his appeal with or without retained counsel, and conveyed that Ukasik has the ability to file a brief raising any additional points that Ukasik deems worthy of review. Ukasik has not filed a response.

We are satisfied that counsel has adhered to the technical requirements set forth in *Anders* and *McClendon*. Thus, we must address the substantive issue raised in the *Anders* brief.

Ukasik argues that the trial court erred by not combining all of his charges into one charge of theft. Ukasik predicates this argument by asserting that, pursuant to 18 Pa.C.S.A. § 3903(c)(3), the amounts of all of his theft charges should be aggregated to the sum total of $448,381. Accordingly, through the aggregation of these charges, he would only have faced one sentence, thereby reducing his confinement period.

In its entirety, 18 Pa.C.S.A. § 3903(c)(3) states that:

> When the value of property **cannot be satisfactorily ascertained** pursuant to the standards set forth in paragraphs (1) and (2) of this subsection its value shall be deemed to be an amount less than $50. Amounts involved in thefts committed

pursuant to one scheme or course of conduct, whether from the same person or several persons, **may be aggregated in determining the grade of the offense**.

(emphases added). In interpreting a statute that is "clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S.A. § 1921(b). In other words, absent an ambiguity, we are to give meaning to the plain text of a statute.

Through a perusal of § 3903(c)(3), several items are worth discussing. To start, it is unclear whether the latter half of § 3903(c)(3) *only* applies to situations where "the value of property cannot be satisfactory ascertained." 18 Pa.C.S.A. § 3903(c)(3). If it is limited to those "unsatisfactory valuation" situations, then that subsection is wholly inapplicable, as the amounts in this case were able to be satisfactorily ascertained. ***See, e.g.***, N.T., 9/26/17, 7-16 (including discussion on the various and specific amounts owed to the victims of Ukasik's crimes).

Even if the subsection is not limited to unascertainable property values, Ukasik is still without recourse. First, § 3903(c)(3) clearly utilizes the word "may". "May" indicates that such an action is permissive, rather than the mandatory "shall." ***See***, ***e.g.***, ***Commonwealth v. Garland***, 142 A.2d 14, 17 (Pa. 1958). Accordingly, there is nothing making it compulsory for the trial court to have aggregated the amounts involved in thefts committed pursuant to one scheme or course of conduct. Second, and more importantly, § 3903(c)(3) merely indicates that stolen property valuations may be

aggregated for grading purposes; that subsection notably does *not* alter the number of charges that can be brought against an individual, nor does it invoke the merger of charges for sentencing purposes.   Simply put, the language of § 3903(c)(3) contains no express, or even implicit, language that would allow for the aggregation of individual theft charges committed against multiple people into one omnibus theft charge. We agree with counsel that this issue is frivolous.

Further, upon a full and independent review of the record, as is required by **Anders** and **McClendon**, we find no other non-frivolous issues for review. Therefore, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed.   Petition to withdraw granted.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/24/2019